OPINION OF THE COURT
Joseph Jiudice, J.
The defendant moves for summary judgment in an action initiated by the plaintiff for a declaratory judgment. The plaintiff cross-moves for the same relief.
The plaintiff, an accredited psychological stress evaluator operator and examiner, has commenced a declaratory judgment action in which he seeks to have the court declare section 1 of chapter 30 of the Laws of 1978 (Labor Law, §§ 733-739, inclusive) void and unconstitutional.
In 1978, article 20-B (§§ 733 through 739) of the Labor Law became effective.
Article 20-B made it unlawful for an employer or his agent or representative to knowingly administer or participate in the administration of psychological stress evaluator examinations of an employee or prospective employee and further provided that no employer or agent shall require, request or permit an employee or prospective employee to submit to such examination, or utilize the results of such tests within or without New York. Additionally, the article defines terms, specified sanctions, and contained provisions relating to employee rights in any action for damages or for discrimination or retaliation in violation of the article’s provisions.
The plaintiff is a retired military officer and is apparently highly trained in the use of the mechanical device known as *900 the "Psychological Stress Evaluator” (P.S.E.). He is an accredited P.S.E. operator and examiner, but is not a polygrapher.
The principal thrust of the plaintiff’s action is that the statute being attacked only prevents the use of the P.S.E., but does not prohibit the use of the polygraph or other forms of lie detectors. It is his claim that the statute creates an unwarranted distinction and arbitrary discrimination against P.S.E. examiners in favor of polygraph examiners with the result that his constitutional rights have been violated in that he is being restrained in the practice of his trade and that the statute, in effect, denies him equal protection of the laws in favor of others.
This court’s research indicates there is a variety of lie detector testing equipment in use today. It appears the most commonly used contemporary lie detector device is the polygraph which measures three physiological responses simultaneously, i.e., breathing pattern, blood pressure and pulse, and skin resistance to external current. All of these responses, however, are measured by direct contacts with certain portions of the subject’s body. The polygraph test, therefore, is administered with the knowledge and consent of the subject.
Another type of lie detector is the psychological stress evaluator, which is the subject of the Labor Law provisions, as aforesaid. A psychological stress evaluator is a mechanical device which purports to determine the truth or falsity of statements on the basis of vocal fluctuations or vocal stress. No physical contact with a subject’s body is necessary in order to utilize the psychological stress evaluator. Because of the nature of the device, a subject can be tested unknowingly merely by engaging in conversation.
A review of the legislative history indicates that article 20-B of the Labor Law was an outgrowth of various legislative hearings on the abuses of lie detector equipment. The results of the hearings indicated that the use of stress evaluator examinations was widespread throughout the State of New York, and that the use of such examinations invaded the personal privacy of employees and prospective employees in that the device could be used secretly and in situations unknown to the persons affected. Apparently, employers have resorted to the practice of examining employees or prospective employees either over the telephone or in person without knowledge of the individual that he or she was being sub *901 jected to a lie detector test by use of the psychological stress evaluator.
The conclusion is inescapable that the Legislature, in passing article 20-B of the Labor Law, intended to protect an individual’s right to privacy on the basis that such mechanisms grossly invade the privacy of an individual who is subjected to such device, often without his or her knowledge or consent.
The distinction between a polygraph device and a P.S.E. in their use and application is obvious. As this court has already noted, an individual can only be subjected to a polygraph test with his knowledge and consent, whereas, an individual can be subjected to a psychological stress evaluator test without his knowledge and consent.
Plaintiff’s argument is that the statute is unconstitutional because it singles out one specific instrument, the P.S.E., and it is not designed against all lie detection equipment with the result that he, as a P.S.E. operator, is likewise being singled out and prevented from practicing his trade. The defendant, in the second affirmative defense contained in his answer, alleges that the plaintiff has not been prosecuted under the. sections of the Labor Law and, therefore, has no standing to initiate the instant action. This defense is without merit. It is now well settled that a party need no longer be directly regulated or affected by a statute in order to challenge its constitutionality. Under the applicable law a proper plaintiff must only be "substantially affected” by a statute so that he has sufficient interest in the outcome of a declaratory judgment action to provide a degree of adversity which will create a justiciable controversy betweeii the parties (Baker v Carr, 369 US 186; Data Processing Serv. v Camp, 397 US 150; Society of Plastics Ind. v City of New York, 68 Misc 2d 366).
It is a basic fundamental rule that there is a presumption in favor of the constitutionality of a legislative enactment, and every intendment is in favor of a statute’s validity. A heavy burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon the one who claims it (Wein v Beame, 43 NY2d 326).
The validity of a statute is to be determined solely with reference to constitutional restrictions, and not by tests of natural equity or justice. In determining the constitutionality of the statute, the court need not be absolutely certain as to the motive and intent of the Legislature, and the constitution *902 ality will be upheld as long as there is some reasonable and possible basis for the legislation (Farrington v Pinckney, 1 NY2d 74).
As long as a statute is reasonably related to a legitimate legislative purpose, courts should not interfere with or substitute their judgment for that of the Legislature. It is beyond the province of the judiciary to hypothesize about motives or Legislatures and whether statutes are attributable to efforts of special interests, but the task of a reviewing court is to evaluate statutes in light of settled principles, not subjective predilections (People v Abrahams, 40 NY 277).
In the instant case, unquestionably, article 20-B of the Labor Law may have an adverse effect upon the plaintiff’s practice of his trade. However, legislation which is otherwise consistent with constitutional requirements will not be held invalid on the ground that it may cause a hardship to a particular individual or a group of individuals. Any hardship created by the passage of legislation must be balanced against the apparent desire by a Legislature to promote the public good. The courts cannot impute to the Legislature an improper motive (Schieffelin v Goldsmith, 253 NY 243).
Unquestionably, the Legislature is justified in guarding against evils, both real and anticipated, which would affect a large group of citizens by any legislation which reasonably tends to prevent them. A legislative body has a wide discretion in formulating the means which shall be adopted to this end. It is sufficient basis, therefore, for legislative action if there are reasonable grounds for belief that some evil may occur to a large segment of the public even though certain hardships or difficulties may be felt by a certain individual or group of individuals in the same class. Whether the Legislature has acted wisely, made a proper choice, created difficulties, or hardships, or been unfair to a class or to a particular member thereof, is never indicative of a limitation of legislative power (Matter of Stubbe v Adamson, 220 NY 459; Matter of Watson, 226 NY 384).
Just as benefits to a private person or class do not invalidate legislation predominantly in the public interest, neither do apparent hardships imposed on a private person or a specific class invalidate legislation which benefits the public as a whole.
Applying the foregoing principles to the facts in this case, and particularly to the issue of the constitutionality of article *903 20-B of the Labor Law, this court determines the plaintiff has failed to meet the strong burden placed upon him in order to overcome the strong presumption of constitutionality.
Accordingly, the plaintiff’s cross motion for summary judgment is denied, and the defendant’s motion for summary judgment is granted and the court determines and declares that article 20-B of the Labor Law (§§ 733 through 739 inclusive) is constitutional and does not violate either the Constitution of the United States or the Constitution of the State of New York.