**Rose GAWEL, Respondent,**

**v.**

**TWO PLUS TWO, INC., Respondent,**

**Foresight Security, Inc., petitioner, Appellant.**

**No. 51656.**

Supreme Court of Minnesota.

Aug. 28, 1981.

Maslon, Edelman, Borman, Brand & McNulty, William Z. Pentelovitch, Barbara R. Hauser and Mary P. Foarde, Minneapolis, for appellant.

John P. Alexis, Minneapolis, William Harper, St. Paul, for Gawel.

Bassford, Heckt, Lockhart & Mullin and John M. Anderson, Minneapolis, for Two Plus Two, Inc.

SHERAN, Chief Justice.

This case presents two of the same issues raised by the certified questions we considered at length in *State v. Century Camera*, 309 N.W.2d 735 (Minn.1981): Is Minn. Stat. § 181.75 (1980)[1] unconstitutionally overboard or vague, in violation of rights of freedom of speech guaranteed by both the federal and state constitutions?[2] On appeal, defendants have raised a new ground, claiming employers as a group are denied equal protection of the laws by section 181.75. This matter comes here on discretionary review pursuant to Minn.R.Civ. App.P. 105.01 of an order denying a motion for summary judgment. Our opinion in *State v. Century Camera* is in large part controlling. We remand for further proceedings consistent with this opinion and *State v. Century Camera*.

Plaintiff Rose Gawel commenced an action against her former employer, Two Plus Two, Inc., and Foresight Security, Inc., for injunction and damages under section 181.-75, subd. 4. She claims that Two Plus Two, a retail seller of jewelry, and Foresight Security, Inc., a business administering polygraph examinations, directly or indirectly solicited or required her to take a polygraph examination in violation of section 181.75. Two Plus Two allegedly offered a polygraph examination to employees selected at random in order to reduce thefts by employees. The defendants' mo-

tion for summary judgment on free speech grounds was denied. We granted permission to appeal.

 As to the first two issues, the alleged overbreadth and vagueness of section 181.75, defendants' arguments are the same as the arguments of defendants in *State v. Century Camera*. Accordingly, we find section 181.75 is neither overbroad nor vague for the reasons given in that opinion.

 Defendants' third argument, raised for the first time on appeal, is that section 181.75 violates the equal protection clause of U.S.Const. amend. XIV, § 1, because employers and their agents are prohibited from soliciting or requiring polygraph, voice stress analysis, or similar tests while other persons are not. The standard of review applicable to an economic regulation under the equal protection clause is the "familiar 'rational basis' test." *Minnesota v. Clover Leaf Creamery*, 449 U.S. 457, 101 S.Ct. 715, 722, 66 L.Ed.2d 659 (1981). Since the speech affected by section 181.75 is commercial speech, *see State v. Century Camera*, the standard of review of an equal protection challenge to this statute is one requiring a showing of minimum rationality because of the lesser protection accorded commercial speech as compared to noncommercial expression. *See Woll v. Kelley*, 409 Mich. 500, 297 N.W.2d 578 (1980). Applying this standard of review, it is apparent that any inequality of treatment of employers worked by section 181.75 is rationally related to the state's interest in regulating, in the employment context, the solicitation or requirement of polygraph, voice stress analysis, or similar tests.

Remanded for further proceedings consistent with this opinion.

---

1. The portion of section 181.75 at issue reads:

 No employer or agent thereof shall directly or indirectly solicit or require a polygraph, voice stress analysis, or any test purporting to test the honesty of any employee or prospective employee. No person shall sell to or interpret for an employer or his agent a test that he knows has been solicited or required by an employer or his agent to test the honesty of an employee or prospective employee. An employer or agent or any person know-

 ingly selling, administering, or interpreting tests in violation of this section is guilty of a misdemeanor. If an employee requests a polygraph test any employer or agent administering the test shall inform him that taking the test is voluntary.
 Minn.Stat. § 181.75, subd. 1 (1980).

2. The constitutional provisions at issue are U.S. Const. amend. I, amend. XIV, § 1, and Minn. Const. art. 1, § 3.