■ VINCENT KELLY et al., Respondents, v RONALD BUDD et al., Appellants. — Order of the Supreme Court, Kings County (Vaccaro, J.), dated July 8, 1981, affirmed, with $50 costs and disbursements. No opinion. Plaintiffs' time to furnish the authorizations (if not already done) and to serve an amended complaint is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.

■ MARTIN P. LEVINSON et al., Respondents, v KWIK-KOPY CORPORATION, Appellant. — In an action, *inter alia,* for rescission of a franchise agreement, defendant appeals from (1) so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated March 24, 1981 as denied its cross motion to dismiss the action for lack of in personam jurisdiction, and (2) so much of a further order of the same court, entered June 23, 1981, as denied its cross motion for a stay, without prejudice. Appeal from the order entered June 23, 1981 dismissed as abandoned. Order dated March 24, 1981 affirmed insofar as appealed from. No opinion. Plaintiffs are awarded one bill of $50 costs and disbursements. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.

■ ROBERT H. NOTHDURFT, Appellant, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Respondent. — In an action to declare article 20-B of the Labor Law to be unconstitutional and to restrain defendant from enforcing its provisions, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated June 19, 1980, which, *inter alia,* granted defendant's motion for summary judgment and declared the article constitutional. Order and judgment affirmed, with $50 costs and disbursements. The fact that the legislation at issue has an adverse impact upon the practice of plaintiff's occupation does not import that due process or equal protection has been denied (see *College Barn v State of New York,* 60 Misc 2d 715, affd 25 NY2d 657). The Legislature is presumed to have investigated and found the existence of a situation indicating the need for such a statute (see *Health Ins. Assn. of Amer. v Harnett,* 44 NY2d 302). The intention of the Legislature in enacting article 20-B of the Labor Law was to safeguard individuals in employment situations against the gross invasion of their privacy affected by psychological stress evaluation examinations. Insofar as plaintiff has failed to meet the burden placed upon him in order to overcome the strong presumption of constitutionality, the order and judgment appealed from is affirmed. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur. [104 Misc 2d 898.]