■ HERBERT SCOTT et al., Respondents, v TRANSKRIT CORPORATION, Appellant. — In an action, *inter alia,* to recover damages under sections 736 and 738 of the Labor Law, defendant appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), entered April 8, 1982, which denied its motion pursuant to CPLR 3212 for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. Plaintiffs commenced this action to, *inter alia,* recover damages under article 20-B of the Labor Law, alleging that defendant, their former employer, had unlawfully administered, or attempted to administer, a psychological stress evaluator examination to them in violation of section 735 of that statute. Before an answer was served, defendant moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). That motion was denied and defendant did not appeal. After joinder of issue and after defendant took the oral depositions of plaintiffs, it moved for summary judgment (CPLR 3212). Special Term denied the motion on the ground that the prior order denying the motion to dismiss under CPLR

3211 answered the question raised on the motion for summary judgment and therefore constituted the law of the case. Initially, we note that this court is not bound by the prior order of Special Term. The doctrine of the law of the case does not apply in an appellate court when the prior order was made by a court of subordinate jurisdiction from which no appeal was taken (*Klein v Smigel,* 44 AD2d 248, affd 36 NY2d 809; *Di Fresco v Starin,* 81 AD2d 629; *Adelphi Enterprises v Mirpa, Inc.,* 33 AD2d 1019). Moreover, the denial of defendant's prior motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7), did not bar its subsequent motion for summary judgment (CPLR 3212; see *Fink v Horn Constr. Co.,* 58 AD2d 574). The order denying the former was not binding upon Special Term in its consideration of the latter. Turning to the merits, we find that plaintiffs' opposing affidavits fail to present any evidentiary facts to rebut defendant's contention that the tests it administered to its employees were polygraph tests based on blood pressure, pulse beat, galvanic skin response and breathing pattern and that these tests are not prohibited by article 20-B of the Labor Law (*Nothdurft v Ross,* 104 Misc 2d 898, affd 85 AD2d 658). No triable issue of fact having been raised, defendant's motion for summary judgment should have been granted (*Zuckerman v City of New York,* 49 NY2d 557; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.