■ James Pappas et al., Respondents, v Harrow Stores,

In or about June 1981 the injured plaintiff James Pappas (hereinafter the plaintiff) deposited $50 with Harrow's to be used toward the purchase of an above-ground swimming pool without decking. Harrow's sells its pools unassembled but it routinely provides customers who have paid a deposit with the business cards of various companies which install pools. In an accompanying form letter, Harrow's advises that it does not install pools, that many of its customers do their own installation and that each pool comes with instructions and is designed for maximum ease of assembly. It further advises that it has received many inquiries regarding professional installation and that it "can supply a list of carefully screened installation companies" but that it "assumes no responsibility for these companies or their work". Harrow's also states in its form letter that it has "established rigid guidelines to which these companies must adhere. Each company guarantees its own work, is insured and licensed by your local municipality, and has agreed to abide by Harrow's standard of workmanship". Among the seven business cards given to the plaintiff by a Harrow's representative was one from the defendant Long Island Pool Service (hereinafter Pool Service). Like several of the other cards, it was imprinted with the statement that the company to which it referred was licensed and insured.

Approximately one week after agreeing to purchase a pool from Harrow's, the plaintiff canceled the contract and obtained a return of his deposit. He then purchased from the defendant Polytech Pool Manufacturing, Inc. (hereinafter Polytech) an above-ground pool with decking. Polytech also recommended pool installers. One of the two recommended to

the plaintiff by Polytech was Pool Service. According to the plaintiff's deposition testimony, a Polytech salesman also gave him one of Pool Service's business cards and he ultimately hired Pool Service to install the pool he purchased from Polytech. Shortly after the pool was installed, the plaintiff was injured while descending from the pool deck, allegedly because the handrail on the ladder was too low for him to reach without bending and because the ladder itself, which was imbedded in soft ground, shifted.

The plaintiff's cause of action against Harrow's is grounded in both fraudulent and negligent misrepresentation. He alleges that Harrow's made the statements contained in its form letter with the intention of causing him to act thereon, that these representations were false when made because Pool Service "did not perform up to a reasonable standard of workmanship" and was not "insured", that Harrow's knew or should have known that its representations were false, that he believed the statements to be true and acted on them by hiring Pool Service, and that as a result, he sustained severe personal injuries. At the outset of the litigation, Harrow's unsuccessfully made a preanswer motion for dismissal of the complaint *(see,* CPLR 3211 [a] [7]). Following depositions, Harrow's made application for, *inter alia,* summary judgment dismissing the complaint and all cross claims asserted against it (CPLR 3212). This motion was supported by a factual demonstration that Harrow's does indeed have a screening process and guidelines for the pool installers it recommends. Harrow's also demonstrated that Pool Service provided it with a certificate of insurance evidencing that Pool Service was covered by workers' compensation insurance. It appears, however, that Pool Service had no liability insurance in effect on the date the plaintiff was injured.

Contrary to the assertion made by the plaintiff before the Supreme Court and at oral argument on appeal, denial of Harrow's motion to dismiss the complaint for failure to state a cause of action did not bar its subsequent motion for summary judgment *(see, Scott v Transkrit Corp.,* 91 AD2d 682). In any event, the law of the case as established by an interlocutory order issued by a court of subordinate jurisdiction from which no appeal was taken is not binding on this court *(Scott v Transkrit Corp., supra).*

From our review of the record, we conclude that there is no jural relationship existing between the plaintiffs and Harrow's upon which to premise liability of the latter to the former and

that therefore its motion for summary judgment should have been granted.

Furthermore, it is well settled that in order to succeed on a cause of action grounded in fraud, a plaintiff must demonstrate that the defendant made a false representation which was either known to be untrue or made with reckless disregard of its truth and which was made with the intent to deceive and to induce the plaintiff to part with or refrain from obtaining something of value, thereby causing injury *(see, Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *see also, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Brackett v Griswold,* 112 NY 454). Absent special circumstances or unless there is a specific guarantee, the representation must be one of fact rather than of opinion *(see, Jo Ann Homes v Dworetz, supra; Forest v Elliott Truck & Tractor Sales,* 29 AD2d 1031, *affd* 23 NY2d 952; *cf., Municipal Metallic Bed Mfg. Corp. v Dobbs,* 253 NY 313). In order to recover on a theory of negligent misrepresentation, a plaintiff must establish that, because of some special relationship with the defendant which generally implies a closer degree of trust than the ordinary buyer-seller relationship, the law imposes on that defendant a duty to use reasonable care to impart correct information, that the information is false or incorrect, and that the plaintiff reasonably relied upon the information given *(see, International Prods. Co. v Erie R. R. Co.,* 244 NY 331; *Dorsey Prods. Corp. v United States Rubber Co.,* 21 AD2d 866, *affd* 16 NY2d 925, *rearg denied* 16 NY2d 1082; *see also, AFA Protective Sys. v American Tel. & Tel. Co.,* 57 NY2d 912; *Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871). As with all negligence actions, the negligence on which the plaintiff relies must be a proximate cause of the injury for which he or she seeks recovery *(cf., Doyle v Chatham & Phenix Natl. Bank,* 253 NY 369, 380; *Cole v Vincent,* 229 App Div 520, 524-525).

The record before us demonstrates that Harrow's statements of fact concerning its screening of, and the standards applicable to, the recommended pool installers were essentially true. To the extent that the plaintiff construes these statements as a representation that Pool Service would "perform up to a reasonable standard of workmanship", the plaintiff in effect seeks to transform what would constitute nothing more than a mere expression of opinion or prediction as to how the recommended installers would perform in the future into an obligation to guarantee their work, regardless of the type and regardless of who manufactured or sold the pools they installed. No trier of fact could properly conclude that

Harrow's made such a representation or that the plaintiff could reasonably rely on it as a guarantee, particularly in light of Harrow's disclaimer of responsibility for the recommended companies or their work.

It is clear that the plaintiffs cannot recover from Harrow's in either fraud or negligence on account of the quality of the work of Pool Service. Nor can they recover from Harrow's because Pool Service failed to maintain liability insurance. The record before us is devoid of facts which could support a conclusion that, by any of the statements contained in its form letter, Harrow's intended to deceive the injured plaintiff or to induce him to refrain from installing the pool himself or to select one professional installer over another. Assuming without deciding that the statement that each of the recommended installers is insured was negligently misleading, it is nonetheless clear that the insurance status of Pool Service was not a proximate cause of the physical injuries for which the plaintiff seeks recovery. To the extent that the cause of action against Harrow's can be construed as one for recovery of a loss sustained when and if the plaintiffs recover a judgment against Pool Service which it cannot pay, and assuming the cause of action is not premature, we conclude that the plaintiffs have failed to meet their burden of presenting sufficient facts demonstrating that a special relationship existed when the statement was made (cf., *Burroughs Corp. v Datacap, Inc.*, 124 AD2d 622; *Dorsey Prods. Corp. v United States Rubber Co., supra)* or that, in the face of Harrow's disclaimer of responsibility for the recommended pool installers, the injured plaintiff relied on that statement so as to warrant transforming a recommendation for employment into an obligation to insure (cf., *Cohen v Wales,* 133 AD2d 94, *lv denied* 70 NY2d 612).

Because any cross claims asserted against Harrow's are not included in the record, the Supreme Court, Kings County, did not err in failing to grant that branch of Harrow's motion which was for summary judgment dismissing any such claims. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.