■ CROSSLAND SAVINGS, F.S.B., Appellant, v SOI DEVELOPMENT CORP. et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated September 5, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

The appellant brought this action to foreclose upon two defaulted construction loans in the total original principal amount of $3 million, secured by an apartment building in Jamaica, Queens, and by property located in Montauk, Suffolk County. The respondents asserted defenses based on, *inter alia,* alleged fraudulent inducement to obtain the construction loans. The respondents seek money damages.

We find the respondents' assertions regarding fraud to be without merit. Representations that are mere expressions of opinion of present or future expectations are not to be considered promises when examining the issue of fraud in the inducement *(see, Carvel Corp. v Nicolini,* 144 AD2d 611; *Affiliated Credit Adjustors v Carlucci & Legum,* 139 AD2d 611; *Tutak v Tutak,* 123 AD2d 758). Here, the principal of the corporation that obtained the construction loans from the plaintiff testified that, at a meeting, the loan officer fraudulently induced him to obtain the loans by representing to him that he would receive future permanent financing by stating in effect, "whatever you're going to need with regard to the permanent loan, you'll get it". However, by the principal's own admission, no terms as to amount, interest, length, or a timetable with regard to a permanent loan were even discussed at that meeting. As such, we find the respondents' allegations, even if taken as true, do not amount to the perpetration of fraud.

We have considered the respondents' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.