■ STEVENSON EQUIPMENT, INC., Respondent, v CHEMIG CONSTRUCTION CORPORATION, Doing Business as GANDY SALES COMPANY, et al., Appellants.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Meehan, J.), entered June 28, 1989 in Rockland County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered September 12, 1989 in Rockland County, which denied defendants' motion to set aside the verdict.

Two questions are presented on these appeals: (1) whether defendants waived the defense that plaintiff was not the real party in interest to the action by failing to interpose same as an affirmative defense in their answer or by motion, and (2) whether there was sufficient evidence to support the jury's finding of fraud by concealment. Both questions are answered affirmatively. Therefore, the judgment entered upon a jury verdict in favor of plaintiff and the subsequent order denying defendants' motion to set aside the jury verdict should be affirmed.

Defendant Chemig Construction Corporation purchased a 950-B Caterpillar Wheelloader from International Machinery Supply Zwolle B. V. (hereinafter IMS), a Netherlands corporation, for $78,000 on June 3, 1985. Chemig sold the Wheelloader to Foley Machinery Company (hereinafter Foley) for $92,000. Thereafter, in August 1985 IMS advised Chemig that the Wheelloader may have been stolen from Belgium. Agent Richard Berry of the Federal Bureau of Investigation (herein-

after FBI) gave testimony that he told defendant George Maggiolo, Jr., owner of Chemig, that the Wheelloader was stolen and not to take it back from Foley as the FBI would recover it from Foley. Maggiolo contacted Foley and arranged to take the Wheelloader back but did not contact the FBI. Rather, he contacted IMS and requested rescission of the transaction.

In November 1985, IMS contacted plaintiff, a New York corporation, and sold it the Wheelloader. John Stevenson is the sole owner of plaintiff and of Stevenson Equipment, Ltd., an Ontario corporation. Stevenson testified that plaintiff was the purchaser of the Wheelloader. On November 22, 1985, IMS informed defendants that the Wheelloader was sold and requested an invoice for $78,000, the amount Chemig had paid IMS. IMS then told plaintiff to contact Chemig to view the Wheelloader. Maggiolo showed Stevenson the Wheelloader. Stevenson testified that he told Maggiolo that he was purchasing the Wheelloader from IMS but that Maggiolo did not tell him it had been stolen. He said Maggiolo told him that the Wheelloader was owned by IMS, but claimed that Maggiolo had not told him that Maggiolo had purchased it from IMS or that the FBI was looking for it. Maggiolo, however, testified that he informed Stevenson of the "possibility" that the Wheelloader was stolen and the FBI's visit. Thereafter plaintiff paid IMS $75,000 for the Wheelloader. IMS then wire transferred $78,000 to Chemig's account for rescission of the sale.

The FBI then seized the Wheelloader and plaintiff was unsuccessful in attempting to obtain a refund of the purchase price from Chemig. Plaintiff subsequently commenced this action for fraud, alleging that defendants* concealed "material knowledge" and failed to disclose that the Wheelloader was stolen in an attempt to defraud plaintiff and obtain reimbursement of moneys paid to IMS.

The case was tried before a jury which returned a verdict specifically finding that plaintiff was "a proper party" to the action, Maggiolo was "liable for fraud against" plaintiff, and Chemig was "liable for the fraud of * * * Maggiolo". Judgment was entered in the sum of $75,000, plus interest and costs, making the total sum of $100,183.68. Defendants' motion to set aside the verdict was denied and these appeals ensued.

---

* Also named as defendants were Gandy Tractor Corporation, Gandy Equipment Corporation, Gandy Trading Corporation and George Maggiolo, Sr. The action against these defendants was dismissed on motion.

Defendants' contention that plaintiff was not the real party in interest is without merit. Defendants' failure to affirmatively plead this defense in their answer or raise it by motion waived it and failed to preserve it for appellate review (see, *Advanced Magnification Instruments v Minuteman Opt. Corp.*, 135 AD2d 889, 890). In any event, the jury's finding that plaintiff was a proper party to this action was supported by the testimony of Stevenson.

Defendants' next argument, that there was insufficient proof of the essential elements of a cause of action for fraud because defendants had no duty to disclose that the Wheelloader was stolen, that plaintiff did not justifiably rely on the alleged fraudulent concealment and that plaintiff failed to perform its duty to investigate, is also rejected. Fraud may consist of "the intentional suppression of the truth" (*Lukowsky v Shalit*, 110 AD2d 563, 568). And "where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge", there is a duty to disclose that information (*Aaron, Ferer & Sons v Chase Manhattan Bank, Natl. Assn.*, 731 F2d 112, 123). Here, the record contains evidence that defendants possessed superior knowledge that the Wheelloader had been reported stolen, that the FBI was looking for it and that plaintiff did not know these facts. There is also evidence that defendants were aware that plaintiff was acting on the basis of a mistaken belief when purchasing the Wheelloader from IMS. This situation imposed an obligation to disclose on defendants' part (see, supra).

The fact that defendants would gain by the refund Chemig received from IMS immediately after IMS received payment from plaintiff is evidence of defendants' intent to deceive. Telexes from IMS lead to the conclusion that this refund was conditioned upon IMS reselling the machine to plaintiff. Based on this and other evidence in the record, along with the reasonable inferences flowing therefrom, the jury's finding of fraud by concealment must be sustained.

Defendants' final argument, that the motion to set aside the jury verdict was improperly denied, is also rejected (see, *Nicastro v Park*, 113 AD2d 129).

Judgment and order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.