■ BANK OF NEW YORK, Appellant, v REALTY GROUP CONSULTANTS et al., Respondents.—In an action to recover on a promissory note and guarantee of payment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated November 21, 1990, as denied its motion for summary judgment.

Ordered that the appeal insofar as it seeks review of the denial of that branch of the plaintiff's motion which was for summary judgment as against the defendant Dennis Esposito is dismissed, without costs or disbursements, upon consent of the appellant in light of an order of the United States Bankruptcy Court, Eastern District of New York, dated May 8, 1992, and it is further,

Ordered that the order dated November 21, 1990, is reversed insofar as reviewed, on the law, without costs or disbursements, and the branch of the plaintiff's motion which was for summary judgment against Realty Group Consultants and Esposito Associate, Inc., is granted.

It is well settled that, to succeed on a claim of fraud, a party

must demonstrate that a false representation was made which was known to be untrue or which was made with reckless disregard of the truth and which was made with the intent to deceive and induce a party to part with something or refrain from obtaining something of value, thereby causing injury. Absent special circumstances, the representation must be one of fact and not opinion *(Pappas v Harrow Stores,* 140 AD2d 501).

In the case at bar, the plaintiff bank established its entitlement to payment through the production of a promissory note and guarantee of payment and the nonpayment thereof. It was then incumbent upon the defendants to demonstrate the existence of a triable issue of fact. As the defendants' claims of fraud constituted no more than conclusory assertions which were insufficient to defeat the plaintiff's application, the motion for summary judgment should have been granted even though discovery had not been completed *(see, Bosio v Selig,* 165 AD2d 822). Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.