

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 20, 1993

Honorable Fred Hill
Chairman
Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-236

Re: Whether the City of Austin has the authority to enact an ordinance prohibiting random drug testing by private employers within the city (RQ-526)

Dear Representative Hill:

You have asked this office to consider whether the City of Austin has the authority to enact an ordinance prohibiting random drug testing by private employers within the city.

The City of Austin, a home-rule city, has the same general legal powers as all home-rule cities under Texas law. The Texas Constitution gives to home-rule cities all powers of self-government not expressly denied by the legislature, but prohibits such cities from enforcing any legislation inconsistent with state laws or the state constitution. Tex. Const. art. XI, § 5.

You have not cited, and we are not aware of, any Texas statute which preempts the subject of this proposed ordinance. We note, however, that certain federal statutes or regulations, such as those propounded by the Federal Railroad Administration under the authority of the Federal Railroad Safety Act of 1970, 45 U.S.C. § 431(a), would preempt such an ordinance to the extent of their applicability.

Apart from questions of home-rule power or preemption, the only other sorts of challenge we can imagine to such an ordinance would be takings clause, equal protection, or substantive due process arguments of the kind offered in analogous cases involving laws prohibiting the use of the polygraph or the psychological stress evaluator. *See, e.g., State v. Community Distributors, Inc.*, 317 A.2d. 697 (N.J. 1974); *Nothdurft v. Ross*, 429 N.Y.S.2d 844 (Sup. Ct. 1980); *Gawel v. Two Plus Two, Inc.*, 309 N.W.2d 746 (Minn. 1981). However, we note that courts have held such constitutional challenges to economic regulation in disfavor at least since the mid-1930's. *See, e.g., United States v. Carolene Products Co.*, 304 U.S. 144 (1938); *Williamson v. Lee Optical Co.*, 348 U.S. 483 (1955). As the Minnesota Supreme Court pointed out in *Gawel*, "The standard of review applicable to an economic regulation under the equal protection clause is the 'familiar "rational basis" test.'" 309 N.W.2d at 747. The protection of the privacy of residents who are also "employees" is, we believe, a sufficient rational basis for an

ordinance of the sort about which you inquire.[1] *Cf. State v. Community Distributors*, 317 A.2d 697 (N.J. 1974).

Accordingly, we conclude that a home-rule city is not precluded as a matter of law from adopting an ordinance prohibiting random drug testing by private employers within the city. However, we caution that possible legal challenges to such an ordinance might be brought under a broad range of particular fact patterns, upon which we cannot speculate in the opinion process.

## S U M M A R Y

A home-rule city is not precluded as a matter of law from adopting an ordinance prohibiting random drug testing by private employers within the city.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Jim Tourtelott
Assistant Attorney General

---

[1] We note as a point of interest that such an ordinance was adopted in 1985 by the City of San Francisco, California. A copy of the ordinance, article 33A of the San Francisco Police Code, is enclosed for your convenience. We are informed by the city attorney's office in San Francisco that this ordinance has not been subject to constitutional challenge since its adoption.