(March 24, 2003)

■ PARK T. ADIKES, Appellant, v NORTH FORK BANCORPORATION, INC., Respondent. [760 NYS2d 50] —In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered June 5, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of his cross motion which was for summary judgment on his first and second causes of action.

Ordered that the order is affirmed, with costs.

On or about March 1, 2000, the plaintiff was appointed to the board of directors of the defendant, North Fork Bancorporation, Inc. (hereinafter NFB), and its subsidiary, the North Fork Bank (hereinafter NFB Bank). The appointment was made as part of a merger agreement between JSB Financial Inc. (hereinafter JSB), of which the plaintiff was the Chairman, Chief Executive Officer, and a major stockholder, and the defendant NFB. Approximately one year after the merger, the plaintiff was removed from the board of directors of NFB and NFB Bank due to their respective mandatory

retirement policies. The plaintiff protested his removal and contended that the merger agreement required the defendant to retain him on the board of directors for at least three years. The plaintiff also claimed that he was defrauded by the defendant because he was never made aware of its mandatory retirement policy.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing his first, second, and fourth causes of action. Based on the clear and unambiguous language of the merger agreement and plan of merger, there is no merit to the plaintiff's contention that he was entitled to serve on the board of directors beyond the mandatory retirement age. In opposition to the defendant's prima facie showing, the plaintiff failed to demonstrate the existence of any genuine issues of fact.

The Supreme Court, moreover, properly awarded the defendant summary judgment dismissing the plaintiff's third cause of action, which sought to recover damages for fraud. In order to sustain a cause of action alleging fraud, the plaintiff was required to establish a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the plaintiff to rely upon it, justifiable reliance by the plaintiff on the misrepresentation or material omission, and injury (*see Lama Holding Co. v Smith Barney, Inc.,* 88 NY2d 413 [1996]; *Bank of N.Y. v Realty Group Consultants,* 186 AD2d 618 [1992]; *Pappas v Harrow Stores,* 140 AD2d 501 [1988]). The plaintiff failed to demonstrate the existence of any genuine issues of fact. The record as a whole fails to demonstrate that the defendant knowingly made a false representation to the plaintiff with the intent to deceive him. To the contrary, the evidence clearly establishes that the defendant's mandatory retirement policy was disclosed to the plaintiff before the execution of the merger agreement. Had the plaintiff exercised reasonable diligence by reviewing the defendant's bylaws prior to the merger of JSB and NFB, he would have discovered the mandatory retirement provision he now claims was intentionally concealed from him (*see Stuart Silver Assoc. v Baco Dev. Corp.,* 245 AD2d 96 [1997]; *Pinney v Beckwith,* 202 AD2d 767 [1994]; *Marine Midland Bank v Palm Beach Moorings,* 61 AD2d 927 [1978]).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.