KAREN F. GOLDMAN et al., Appellants, v STROUGH REAL ESTATE, INC., et al., Respondents. [770 NYS2d 94]—

In an action to recover damages for fraud and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Klein, J.), entered May 15, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action against the defendant real estate brokers alleging that they misrepresented that the owner of an adjacent parcel would not develop the property in a manner that would interfere with their southerly view. The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, as no triable issue of fact precluded summary judgment on the causes of action to recover damages for fraud (*see Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403 [1958]; *Busino v Meachem,*

270 AD2d 606 [2000]) or negligent misrepresentation (*see International Prods. Co. v Erie R.R. Co.,* 244 NY 331 [1927], *cert denied* 275 US 527 [1927]; *Pappas v Harrow Stores,* 140 AD2d 501, 504 [1988]).

To recover damages for negligent misrepresentation or fraud, the plaintiffs must demonstrate, inter alia, that they were justified in relying on the information supplied, and as a consequence, suffered damages (*see Channel Master Corp. v Aluminium Ltd. Sales, supra; International Prods. Co. v Erie R.R. Co., supra; Pappas v Harrow Stores, supra*). Contrary to the plaintiffs' assertions, the defendants' alleged representation pertaining to the future development of the adjoining parcel did not amount to the perpetration of fraud or negligent misrepresentation (*see Crossland Sav. v SOI Dev. Corp.,* 166 AD2d 495 [1990]; *International Prods. Co. v Erie R.R. Co., supra; Pappas v Harrow Stores, supra*).

"Representations that are mere expressions of opinion of present or future expectations are not to be considered promises when examining the issue of fraud in the inducement" (*Crossland Sav. v SOI Dev. Corp., supra* at 495). Fraud is "not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future" (*Channel Master Corp. v Aluminium Ltd. Sales, supra* at 408).

The defendants' alleged misrepresentations pertaining to the future development of an adjoining parcel of land constituted a future expectation (*see Crossland Sav. v SOI Dev. Corp., supra*). Since the plaintiffs were experienced business persons, and had access to public records to ascertain the limits and status of neighboring developments, they could have discovered that the adjoining parcel could be developed in a manner that would obstruct their southerly view. Therefore, the plaintiffs were not justified in relying upon the defendants' predictions concerning how the adjoining parcel would be developed (*see Channel Master Corp. v Aluminium Ltd. Sales, supra; International Prods. Co. v Erie R.R. Co., supra; Pappas v Harrow Stores, supra*).

Moreover, the plaintiffs failed to established that they suffered damages (*see Channel Master Corp. v Aluminium Ltd. Sales, supra; International Prods. Co. v Erie R.R. Co., supra; Pappas v Harrow Stores, supra*). The plaintiffs admitted a resale value of the property which was greater than what it cost them to purchase and develop it. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.