■ ALICE BLUMBERG, Respondent, v PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, Defendant, and PATCHOGUE-MEDFORD CONGRESS OF TEACHERS, Appellant. [795 NYS2d 81]—

In an action, inter alia, to recover damages for fraudulent misrepresentation, age discrimination, negligent misrepresentation, and breach of the duty of fair representation, the defendant Patchogue-Medford Congress of Teachers appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered March 11, 2004, which denied those branches of its motion which were to dismiss the first, second, and fifth causes of action and denied, without prejudice to move, de novo, upon the completion of disclosure, that branch of its motion which was to dismiss the sixth cause of action pursuant to CPLR 3211 (a) (5), (7), and 3016 (b) insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the fifth cause of action to recover damages for age discrimination and the sixth cause of action to recover damages for breach of the duty of fair representation and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Alice Blumberg, was a teacher formerly employed by the defendant Patchogue-Medford Union Free School District (hereinafter the District). At age 65, she retired under an irrevocable retirement incentive program that offered, inter alia, paid lifetime health insurance benefits. Before her retirement, the plaintiff was advised by the District and the president of the appellant, Patchogue-Medford Congress of Teachers (hereinafter the Union), that the offer of paid lifetime health insurance benefits would not be made again. The plaintiff's retirement was accepted by the Board of Education of Patchogue-Medford Schools (hereinafter the Board). Immediately thereafter, the plaintiff was presented with a final draft of a previously negotiated new collective bargaining agreement which contained, inter alia, significant wage increases and the identical 100% fully paid health insurance retirement incen-

tive for the teachers upon their retirement. No irrevocable resignation was required in order to obtain this benefit. The plaintiff's request to rescind her retirement was denied by the Board on May 13, 2003. At or about the same time, the Union president declined to grieve the matter under the collective bargaining agreement.

The plaintiff commenced this action on November 13, 2003, against, among others, the Union, inter alia, to recover damages for fraudulent misrepresentation, negligent misrepresentation, age discrimination, and breach of the duty of fair representation. The Union moved, in lieu of answering, to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7), and 3016 (b) insofar as asserted against it. The Supreme Court denied the motion. With respect to the sixth cause of action to recover damages for breach of the duty of fair representation, the denial was without prejudice to move, de novo, upon the completion of disclosure. We modify.

Assuming, without deciding, that a claim for age discrimination based upon a theory of disparate impact may be asserted under Executive Law § 296 (cf. Bohlke v General Elec. Co., 293 AD2d 198, 200 [2002]), based on the disclaimers the plaintiff made in opposition to the motion, she has abandoned the cause of action based upon that theory (see Public Employees Retirement System of Ohio v Betts, 492 US 158 [1989]).

In addition, the plaintiff's cause of action to recover damages for breach of the duty of fair representation was time-barred. CPLR 217 (2) (a) provides that an action to recover damages for breach of the duty of fair representation must be commenced within four months of the date the employee or former employee knew or should have known that the breach occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later. The allegations in the plaintiff's complaint established that she both knew that an alleged breach of the duty of fair representation occurred and suffered actual harm when her request to revoke her resignation was refused and the Union would not grieve the matter on her behalf (see CPLR 217 [2] [a]). This occurred "in and around" May 13, 2003, as the plaintiff conceded before the Supreme Court. Contrary to the plaintiff's argument on appeal, the teachers' collection of their pay in September 2003, under the new collective bargaining agreement, did not trigger the actual harm. The plaintiff knew "in and around" May 13, 2003, that she would be deprived of the increased benefits offered under the new collective bargaining agreement. The plaintiff's complaint was not filed until November 13, 2003, approximately

six months after the accrual of her cause of action. Therefore, that branch of the Union's motion which was to dismiss the cause of action to recover damages for breach of the duty of fair representation as time-barred should have been granted.

There is no merit, however, to the Union's argument that the causes of action to recover damages for fraudulent and negligent misrepresentation were disguised causes of action to recover damages for breach of the duty of fair representation couched in other terms in order to avoid the bar of the statute of limitations. Those causes of action contained allegations that the Union, inter alia, made false representations for the purpose of inducing the plaintiff and other teachers to rely upon those misrepresentations with the sole intent that they retire and further, that it had a financial interest in supplying the false information. The plaintiff also alleged that she and other teachers were deceived by the Union into believing that they had to retire to obtain paid lifetime health insurance benefits when, in fact, the Union knew that it was negotiating a new collective bargaining agreement that contained the very same benefits and did not require the teachers to retire in order to obtain them. The plaintiff claims that the Union knowingly made those false representations. This is more than a claim that the Union breached its duty to act fairly toward all of its members or that the plaintiff was unfairly represented by the Union (cf. Dolce v Bayport-Blue Point Union Free School Dist., 286 AD2d 316 [2001]; Clissuras v City of New York, 131 AD2d 717, 718 [1987]). Rather, these allegations focus on alleged deceitful conduct of a kind typically recognized as tortious.

Finally, the plaintiff pleaded her cause of action to recover damages for fraudulent misrepresentation with the specificity required by CPLR 3016 (b) (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Bank of N.Y. v Realty Group Consultants, 186 AD2d 618 [1992]; Stevenson Equip. v Chemig Constr. Corp., 170 AD2d 769 [1991], affd 79 NY2d 989 [1992]). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.