■ JAMES R. BRANNIGAN et al., Appellants, v BOARD OF EDUCATION OF LEVITTOWN UNION FREE SCHOOL DISTRICT, Respondent. [796 NYS2d 690]—

In an action, inter alia, to recover damages for fraud and age discrimination, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), entered December 19, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs are former teachers who allege, among other things, that the defendant school district committed fraud by making certain representations regarding the retirement incentive plan that the plaintiffs accepted, and by subsequently offering another retirement incentive plan to teachers with allegedly more desirable benefits.

Initially, we note that under the circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the defendant's late motion for summary judgment since the defendant established good cause (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *Nesbit v Turner*, 15 AD3d 552 [2005]; *Quizhpi v Lochinvar Corp.*, 12 AD3d 252 [2004]; *Kunz v Gleeson*, 9 AD3d 480, 481 [2004]).

To establish a cause of action alleging fraud, a plaintiff must demonstrate: "(1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations" (*Giurdanella v Giurdanella*, 226 AD2d 342, 343 [1996]; *see Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407, 408 [1995]; *Bank of*

*New York v Realty Group Consultants*, 186 AD2d 618 [1992]; *see also Blumberg v Patchogue-Medford Union Free School Dist.*, 18 AD3d 486 [2005]). There was no evidence establishing that the defendant represented that no other retirement incentive plan would be offered for the remainder of the existence of the current collective bargaining agreement with the knowledge that the defendant would, in fact, offer another incentive plan in the future and with the intent to deceive the plaintiffs (*see Radley v Eastman Kodak Co.*, 19 F Supp 2d 89, 99-100 [1998], *affd* 199 F3d 1323 [1999]). Accordingly, the defendant established, prima facie, its entitlement to summary judgment dismissing that cause of action and, in opposition, the plaintiffs failed to raise a triable issue of fact.

Similarly, the defendant established its entitlement to judgment as a matter of law with respect to the plaintiffs' causes of action sounding in age discrimination, pursuant to the Age Discrimination in Employment Act (29 USC § 634) (hereinafter the ADEA) and the New York State Human Rights Law (*see* Executive Law § 296). The elements of an age discrimination claim under the New York State Human Rights Law and the ADEA are essentially the same and courts apply the same standards for analyzing age discrimination claims under both statutes (*see Lightfoot v Union Carbide Corp.*, 110 F3d 898, 913 [1997]; *Ferrante v American Lung Assn.*, 90 NY2d 623 [1997]; *Hardy v General Elec. Co.*, 270 AD2d 700, 701 [2000]).

First, the defendant established that the plaintiffs' age discrimination claims under the ADEA were subject to dismissal since they failed to file a claim with the Equal Employment Opportunity Commission within 300 days of the alleged discriminatory action (*see Flaherty v Metromail Corp.*, 235 F3d 133, 137 n 1 [2000]). Second, the defendant demonstrated that the challenged retirement incentive plan was voluntary, made available for a reasonable period of time, did not arbitrarily discriminate on the basis of age, and furthered the purposes of the ADEA (*see Auerbach v Board of Educ. of Harborfields Cent. School Dist.*, 136 F3d 104, 112-113 [1998]; *cf. Abrahamson v Board of Educ. of Wappingers Falls Cent. School Dist.*, 374 F3d 66 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the defendant's motion for summary judgment was properly granted and the plaintiffs' cross motion for summary judgment was properly denied.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.