541 Ct. St., LLC v Zheng (2021 NY Slip Op 50596(U))

[*1]

541 Ct. St., LLC v Zheng

2021 NY Slip Op 50596(U) [72 Misc 3d 128(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1119 K C

541 Court Street, LLC, Respondent,
against
Hang Zheng, Doing Business as Zen Spa, Appellant, et al.,
Undertenants. 

Law Office of Murrell & Associates, LLC (Patricia L. Murrell of counsel), for appellant.
Shiryak Bowman Anderson Gill & Kadochnikov (Matthew J. Routh of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), dated April 11, 2019. The order denied tenant's motion to vacate a final
judgment entered August 10, 2018 upon her failure to appear or answer the petition in a
nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlord commenced this nonpayment proceeding in June 2018, a final judgment awarding
landlord possession was entered on August 10, 2018 upon tenant's failure to appear or answer the
petition, and a warrant of eviction was issued on August 10, 2018. On or about August 28, 2018,
tenant moved by order to show cause to vacate the default final judgment. In her affidavit in
support, she argued, among other things, that she was improperly served. By order dated
September 5, 2018, the Civil Court (Richard J. Montelione, J.) denied the motion. Over the
following two months tenant moved several more times to vacate the default final judgment. All
of these motions were denied when tenant failed to appear on the respective return dates. On or
about November 1, 2018, tenant was evicted. Tenant's subsequent motion to be restored to
possession was denied based upon tenant's failure to appear on the return date.
In February of 2019, tenant again moved to vacate the August 10, 2018 default final
judgment, and to dismiss the "summons" or, in the alternative, for leave to file an amended
answer. Tenant's counsel argued, among other things, that the petition was not properly served
and that the rent demand was defective. By order dated April 11, 2019, the Civil Court (Consuelo
Mallafre Melendez, J.) denied tenant's motion in its entirety, stating that the "September 5, 2018
decision and order is res judicata and bars respondent's claims within their instant motion seeking
the same relief." On appeal, tenant argues that res judicata does not apply and that her motion
should have been granted because the court lacked personal jurisdiction and [*2]subject matter jurisdiction to enter the final judgment (see
CPLR 5015 [a] [4]). 
While tenant correctly argues that res judicata, which precludes a party from litigating a
claim where a judgment on the merits exists from a prior action between the same parties
involving the same subject matter (see
Matter of Josey v Goord, 9 NY3d 386 [2007]; Matter of Hunter, 4 NY3d 260 [2005]), is inapplicable here, the
Civil Court presumably intended to apply the doctrine of law of the case to the specific issues
decided on the merits in the September 5, 2018 order, including lack of personal jurisdiction
based upon improper service (see
Hampton Val. Farms, Inc. v Flower & Medalie, 40 AD3d 699 [2007]). While this
court is not bound by the law of the case doctrine (see e.g. Scott v Transkrit Corp., 91
AD2d 682 [1982]), we find, in any event, that tenant's argument with respect to personal
jurisdiction is without merit.
Tenant did not argue, in her original motion which resulted in the September 5, 2018 order,
that there was a lack of subject matter jurisdiction based upon a defective rent demand. In any
event, the argument is without merit because subject matter jurisdiction is conferred by statute
and is not impacted by defects in a predicate notice itself or in the service thereof (see
CCA 204; 170 W. 85th St. Tenant's Assn. v Cruz, 173 AD2d 338 [1991]; 136-76 39th Ave., LLC v Ai Ping Wu,
55 Misc 3d 128[A], 2017 NY Slip Op 50363[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2017]; Rivercross Tenants'
Corp. v Tsao, 2 Misc 3d 137[A], 2004 NY Slip Op 50254[U] [App Term, 1st Dept
2004]). 
Accordingly, the order is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021