■ LYNETTE WALDEN, Appellant, v F. W. WOOLWORTH Co. et al., Respondent and BERKSHIRE FASHIONS, INC., Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 18, 1987, which granted defendants' motion for reargument of their prior motion to reconsider the court's earlier decision awarding summary judgment to plaintiff and which, upon reargument, recalled and vacated the order entered January 29, 1987 granting, *inter alia,* summary judgment to plaintiff on liability, unanimously reversed, on the law, without costs or disbursements, and the motion for reargument denied and the order granting summary judgment reinstated.

In this statutory right of privacy action (Civil Rights Law §§ 50, 51), partial summary judgment on liability and permanent injunctive relief were properly granted since defendants were unable to offer a meritorious defense to the unauthorized marketing of plaintiff's photograph on packages, or hang tags attached to articles, of clothing manufactured, distributed or sold by them. They argued verbal consent, clearly unavailing under the statute *(Brinkley v Cassablancas,* 80 AD2d 428, 434; *Adrian v Unterman,* 281 App Div 81, 88, *affd* 306 NY 771), although cognizable as a partial defense in mitigation of damages *(Lomax v New Broadcasting Co.,* 18 AD2d 229), as well as laches in that, for a period of 16 months, with knowledge of such use of her photograph, plaintiff never raised any objection. Defendants also urged both of these points in support of the further argument that even plaintiff construed the release form which she signed both at the time

she first learned of defendants' use of her photograph on the packages, and at an earlier photographic session four months before, as a written consent to such use. Reargument/renewal was granted and the original award of summary judgment vacated on the basis of the Statute of Limitations and ambiguity in the written consent.

In our view, neither of these grounds constituted a basis for reargument or renewal or the vacatur of the previous grant of summary judgment. In opposing the motion for summary judgment, defendants never argued or even hinted that plaintiff's claims were barred by the one-year Statute of Limitations (see, CPLR 215 [3]), which, in the case of a mass distribution of a name or photograph in violation of Civil Rights Law §§ 50, 51, is subject to the "single publication" rule (see, *Khaury v Playboy Publs.,* 430 F Supp 1342). Nor did their answer assert the same as an affirmative defense, as is required. (See, CPLR 3018 [b].) Thus, having neither been pleaded nor asserted in a motion to dismiss (see, CPLR 3211 [a] [5]), the Statute of Limitations defense was waived. (See, CPLR 3211 [e].) In such circumstances, neither reargument nor renewal should have been granted. The court had not overlooked or misapplied any controlling principle of law or fact. Nor were any new facts not available on the original submission presented. Finally, we find totally lacking in merit the claim of ambiguity in the release provision consenting to the use of plaintiff's photograph "for print advertising only." The same release provided that "certain products, packaging usage, billboards, countercards, and similar special usage requires separate negotiations." That the type of photographic dissemination involved here was not encompassed by the written consent could not be clearer. An assessment of damages is in order, as originally directed. Concur—Kupferman, J. P., Sullivan, Carro, Kassal and Ellerin, JJ.