■ Nico Castel, Appellant, v Jean Norihiko Sherlock Corp. et al., Defendants, and Worldvision Home Video, Inc., et al., Respondents.—Orders, Supreme Court, New York County (Edward Greenfield, J.), both entered on or about May 3, 1989, granting the separate motions by the Worldvision defendants to dismiss the amended complaint as against them, on the ground that it was barred by the Statute of Limitations, and by defendant Cooperman to dismiss plaintiff's amended complaint as against him, on the ground that it failed to state a cause of action, respectively, unanimously affirmed, without costs.

That Cooperman signed and the corporation executed the agreements on which the plaintiff relies is an insufficient basis upon which to impose individual or personal liability. He signed the agreements in a representative capacity on behalf of the corporate entity with which plaintiff contracted. We find no basis for piercing the corporate veil. Under the circumstances presented, plaintiff has fallen far short of demonstrating that Cooperman used the corporation as a "dummy" to carry on business in his personal capacity for personal rather than corporate ends. *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656-657.)

With respect to the Worldvision defendants, there was no error in applying the "single publication" rule, enunciated in *Gregoire v Putnam's Sons* (298 NY 119), to actions brought pursuant to Civil Rights Law §§ 50 and 51 for the purpose of determining that the Statute of Limitations begins to run at the time the offending matter is first placed on sale to the public. *(Pascuzzi v Montcalm Publ. Corp.,* 65 AD2d 786, citing *Khaury v Playboy Publs.,* 430 F Supp 1342; *Walden v Woolworth Co.,* 138 AD2d 261, 262, *lv dismissed* 72 NY2d 840.) Plaintiff's action against these defendants, commenced more than one year after he learned of the distribution of the videocassettes which forms the basis of his complaint, is time barred. Plaintiff's claim that these defendants should be barred by equitable estoppel from asserting the Statute of Limitations defense, based upon representations made to him by a third party, is without merit. There is no showing that the third party was in any way connected with these defen-

dants. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.