■ COLUMBIA FEDERAL SAVINGS BANK, Appellant, v JOHN J. CAESAR, Respondent. [616 NYS2d 1017] —In an action to recover damages for negligence in the performance of real estate appraisals pursuant to a contract between the plaintiff and Kunzmann-Caesar Associates, Inc., the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Hart, J.), dated October 1, 1992, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated May 25, 1993, as, upon renewal, adhered to its original determination dismissing the complaint.

Ordered that the appeal from the order dated October 1, 1992, is dismissed, as that order was superseded by the order dated May 25, 1993, made upon renewal; and it is further,

Ordered that the order dated May 25, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly granted summary judgment to the defendant dismissing the complaint. The defendant's motion papers established his prima facie entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325), demonstrating that he conducted certain real estate appraisals in his capacity as the president of Kunzmann-Caesar Associates, Inc., rather than in his individual capacity. The plaintiff's opposition papers failed to establish the existence of material questions of fact with respect to its claims that the defendant performed the appraisals in his individual capacity or that individual liability should attach on any other basis *(cf., Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 44; *Gottehrer v Viet-Hoa Co.,* 170 AD2d 648; *Castel v Sherlock Corp.,* 159 AD2d 233). Moreover, the court properly concluded that the evidence adduced upon the plaintiff's motion for renewal similarly failed to create material questions of fact with respect to the defendant's alleged individual liability. Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.