■ E.B., Respondent, v LIBERATION PUBLICATIONS, INC., Doing Business as ALYSON PUBLICATIONS, Appellant. [777 NYS2d 133]—

In an action to recover damages for libel, violations of Civil Rights Law §§ 50 and 51, fraudulent concealment, and negligent infliction of emotional distress, and for injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated February 13, 2003, which denied its motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In October 2000, the plaintiff, a heterosexual professional male model, posed for the cover of a book entitled *The Day Eazy-E Died,* which was published and distributed by the defendant. The book cover was printed and distributed to prospective purchasers as early as January 2001, and became available to the public for sale over the Internet in May 2001. Consumer orders for the book were placed prior to June 2001. According to the plaintiff, in August 2001, he discovered that the book dealt with homosexual themes and was marketed for a homosexual male audience. He claimed that he was never advised that "his photograph would be used to illustrate, advertise and market a homosexually-themed book."

On July 3, 2002, the plaintiff commenced the instant action

to recover damages for libel, violations of Civil Rights Law §§ 50 and 51, fraudulent concealment, and negligent infliction of emotional distress. The plaintiff also sought an injunction, inter alia, to enjoin the distribution and circulation of the book. Thereafter, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7). The Supreme Court denied the motion. We reverse.

The statute of limitations for a cause of action to recover damages for libel is one year (*see* CPLR 215 [3]). The accrual of a cause of action for libel occurs upon the "publication" of the offending material, which has been repeatedly defined as the date on which the offending material was placed on sale or became generally available to the public (*Gregoire v Putnam's Sons,* 298 NY 119, 126 [1948]; *Love v Morrow & Co.,* 193 AD2d 586, 589 [1993]). Here, the subject book was posted on the Internet, and placed on sale to the general public by June 2001. Thus, the plaintiff's cause of action to recover damages for libel was time-barred. The plaintiff's causes of action brought pursuant to Civil Rights Law §§ 50 and 51 were also time-barred (*see Castel v Sherlock Corp.,* 159 AD2d 233 [1990]).

Additionally, the Supreme Court should have dismissed the plaintiff's cause of action alleging fraudulent concealment. A cause of action to recover damages for fraudulent concealment requires, inter alia, an allegation that the defendant had a duty to disclose material information (*see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.,* 301 AD2d 373, 376 [2003]; *Swersky v Dreyer & Traub,* 219 AD2d 321, 326 [1996]). Here, the plaintiff failed to set forth such an allegation in the complaint.

Moreover, the plaintiff's cause of action to recover damages for negligent infliction of emotional distress should have also been dismissed. While physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon a breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety (*see Perry v Valley Cottage Animal Hosp.,* 261 AD2d 522 [1999]; *Lancellotti v Howard,* 155 AD2d 588, 589-590 [1989]). Such elements were not present here.

The plaintiff was not entitled to injunctive relief (*see generally* CPLR 6301).

In light of the foregoing, we need not address the defendant's remaining contentions. Santucci, J.P., S. Miller, Schmidt and Rivera, JJ., concur.