■ Northeast Steel Products, Inc., Respondent, v John Little Designs, Inc., et al., Appellants. [914 NYS2d 279]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated October 20, 2009, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against them on the fourth cause of action to recover damages for fraudulent inducement and the fifth cause of action to recover damages for fraud and misrepresentation, and denied those branches of their cross motion which were to excuse their default and for leave to serve a late answer with respect to those causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants on the fourth and fifth causes of action are denied, those branches of the defendants' cross motion which were to excuse their default and for leave to serve a late answer with respect to those causes of action are granted, and the answer is deemed served with respect to those causes of action.

To prevail on a motion to vacate a default, a party must demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action or defense (see Hageman v Home Depot U.S.A., Inc., 25 AD3d 760 [2006]; Matter of Zrake v New York City Dept. of Educ., 17 AD3d 603 [2005]). Contrary to the plaintiff's contention on appeal (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]), the defendants established a reasonable excuse for their default in appearing or answer the complaint. Moreover, in light of the short lapse of time between the default and the defendants' submission of their cross motion, inter alia, for leave to serve a late answer, there would be no prejudice to the plaintiff if the cross motion were granted.

In an action to recover damages for fraud, a plaintiff must prove (1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury (see Lama Holding Co. v Smith Barney, 88 NY2d 413 [1996]; Bank of N.Y. v Realty Group Consultants, 186 AD2d 618 [1992]; Pappas v Harrow Stores, 140 AD2d 501 [1988]). Here, the affidavit of the defendant John

Little III, together with the documentary evidence submitted by the defendants, established the existence of a potentially meritorious defense concerning, inter alia, the truthfulness of the defendants' representations, as well as whether the plaintiff justifiably relied upon any purported misrepresentations. Thus, the Supreme Court should have excused the defendants' default with respect to the fourth and fifth causes of action, and the defendants should have been allowed to submit an answer with respect to those causes of action. Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.