■ In the Matter of KENNETH COLE PRODUCTIONS, INC., SHARE-HOLDER DERIVATIVE LITIGATION. ERIE COUNTY EMPLOYEES RE-TIREMENT SYSTEM, Appellant, v MICHAEL J. BLITZER et al., Respondents. [998 NYS2d 1]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered September 5, 2013, which, insofar as appealed from as limited by plaintiff's briefs, granted the motions of defendants Michael J. Blitzer, Robert C. Grayson, Denis F. Kelly, Philip R. Peller, Paul Blum, Kenneth D. Cole (Mr. Cole), KCP Holdco, Inc. (Holdco), and KCP Mergerco, Inc. (Mergerco) to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

Contrary to plaintiff's claim, the motion court was not required to apply the "entire fairness" standard to the transaction by which Mr. Cole (the majority shareholder of former defendant Kenneth Cole Productions, Inc. [the Company], a New York corporation) took the Company private. *Alpert v 28 Williams St. Corp.* (63 NY2d 557 [1984])—on which plaintiff principally relies—states, "[C]orporate freeze-outs of minority interests by mergers occur principally in three distinct manners: (1) two-step mergers, (2) parent/subsidiary mergers, and (3) 'going-private' mergers where the majority shareholders seek to remove the public investors . . . . *This court does not now decide if the circumstances which will satisfy the fiduciary duties owed in [a] two-step merger will be the same for the other categories*" (*id.* at 567 n 3 [emphasis added and citation omitted]). *Alpert* involved a two-step merger (*id.* at 563) where "[t]he merger plan did not require approval by any of the minority shareholders" (*id.* at 564). By contrast, the merger in the case at bar required the approval of the majority of the minority (*i.e.*, non-Cole) shareholders.

Although Mr. Cole had a conflict of interest, he did not participate when the Company's board of directors voted on the merger. Plaintiff has not alleged that the remaining members of the board (Blitzer, Grayson, Kelly, Peller, and Blum) were self-interested.

Plaintiff does contend that the members of the special committee which the Company established to evaluate Mr. Cole's proposal (Blitzer, Grayson, Kelly, and Peller) were controlled by Mr. Cole. However, at least under Delaware law, which all parties urge us to consider, "it is not enough to charge that a director was nominated by or elected at the behest of those control-

ling the outcome of a corporate election" (*Aronson v Lewis*, 473 A2d 805, 816 [Del 1984], *overruled in part on other grounds by Brehm v Eisner*, 746 A2d 244, 253-254 [Del 2000]; *see also Beam ex rel. Martha Stewart Living Omnimedia, Inc. v Stewart*, 845 A2d 1040, 1052 [Del 2004]; *Lerner v Prince*, 119 AD3d 122, 130 [1st Dept 2014]).

The complaint's allegations that the proxy statement sent to the Company's shareholders was incomplete and misleading were insufficient (*see Kimeldorf v First Union Real Estate Equity & Mtge. Invs.*, 309 AD2d 151, 158 [1st Dept 2003]).

In this particular case, pre-discovery dismissal based on the business judgment rule was appropriate since there are no allegations sufficient to demonstrate that the members of the board or the special committee did not act in good faith or were otherwise interested (*see e.g. Kassover v Prism Venture Partners, LLC*, 53 AD3d 444, 450 [1st Dept 2008]; *cf. Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665 [1st Dept 1993] [holding pre-discovery dismissal based on the business judgment rule was inappropriate where the pleadings suggested that directors acted in bad faith]).

Since the breach of fiduciary duty claims against Mr. Cole, Blitzer, Grayson, Kelly, Peller, and Blum were properly dismissed, the claim against Holdco and Mergerco for aiding and abetting the individual defendants' breaches of fiduciary duty failed to state a cause of action (*id.* at 449; *see also Kaufman v Cohen*, 307 AD2d 113, 125 [1st Dept 2003]).

The complaint did not plead an aiding and abetting claim against Blum; plaintiff may not amend its complaint via its appellate brief. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32114(U).]**