■ GARNER BANNISTER, Appellant, v PATRICIA AGARD, Defendant, and K & DZ CORP. et al., Respondents. [5 NYS3d 114]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 14, 2014, as granted that branch of the motion of the defendants K & DZ Corp. and Buckingham Development Corp. which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action in the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In September 2010, the plaintiff entered into a sales agreement (hereafter the agreement) to purchase certain real property from the defendant Patricia Agard. The agreement provided that the plaintiff would pay a deposit of $40,000 to Agard, to be held in escrow pending the closing, and that the closing was to take place no later than July 2011. According to

the plaintiff, because the subject property was in a dilapidated condition, he and Agard agreed that the plaintiff, who owns a construction company, would renovate the property and, once the renovations were complete, the plaintiff would apply for and obtain a mortgage loan, and the closing would follow. Agard allegedly agreed not to sell the property to another buyer once the contract was finalized and the renovations had commenced. The plaintiff has allegedly expended in excess of $100,000 performing such renovations.

In October 2012, the defendants K & DZ Corp. and Buckingham Development Corp. (hereinafter together the corporate defendants), as joint venture partners, purchased the subject property from Agard for $590,000 and recorded a deed as the new owners of the property. Thereafter, the plaintiff commenced this action against Agard and the corporate defendants, and subsequently served an amended complaint asserting causes of action to recover damages, among other things, for fraud and collusion, as well as in quantum meruit, against both the corporate defendants and Agard. The pleadings allege that the corporate defendants colluded with Agard to fraudulently conceal from the plaintiff, to his detriment, their purchase of the property from Agard. The corporate defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as against them on the ground that it failed to state a cause of action, and the Supreme Court, inter alia, granted the corporate defendants' motion with respect to the fifth cause of action, which alleged fraud/fraudulent concealment and collusion.

To properly plead a cause of action for fraud, a plaintiff must allege all of the following requisite elements: (1) the defendant made a misrepresentation or a material omission of fact which was false and which the defendant knew to be false; (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) the plaintiff justifiably relied on the misrepresentation or material omission; and (4) injury (see *Northeast Steel Prods., Inc. v John Little Designs, Inc.*, 80 AD3d 585, 585 [2011]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]; *Shao v 39 Coll. Point Corp.*, 309 AD2d 850, 851 [2003]). To sustain a cause of action for fraudulent concealment, the plaintiff must further allege a fifth element, namely, that the defendant had a duty to disclose the material information (see *E.B. v Liberation Publs.*, 7 AD3d at 567; *P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]).

Affording the amended complaint a liberal construction, ac-

cepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the amended complaint, as augmented by the plaintiff's affidavits submitted in opposition to the motion to dismiss (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]), failed to plead the requisite elements of fraud as against the corporate defendants. Specifically, the pleading and affidavits do not allege a basis for imposing a duty on the corporate defendants to disclose to the plaintiff their intent to purchase the subject property. Accordingly, the Supreme Court properly granted that branch of the corporate defendants' motion which was to dismiss so much of the fifth cause of action as alleged fraud/fraudulent concealment in the amended complaint insofar as asserted against them. Because the plaintiff failed to plead the requisite elements of fraud, the Supreme Court properly determined that so much of the fifth cause of action as alleged collusion was subject to dismissal (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Faulkner v City of Yonkers*, 105 AD3d 899, 900 [2013]). Moreover, the amended complaint failed to plead collusion because it lacks the necessary factual allegations that the corporate defendants and Agard were part of a common scheme or plan to defraud the plaintiff, or otherwise aided and abetted each other in the commission of fraud (*see Agostini v Sobol*, 304 AD2d 395, 395-396 [2003]).

The plaintiff's remaining contentions are either not properly before the Court or without merit. Dillon, J.P., Chambers, Duffy and Barros, JJ., concur.