DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP (2020 NY Slip Op 07163)





DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP


2020 NY Slip Op 07163


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08411
 (Index No. 14174/15)

[*1]Franco A. DeMartino, appellant, 
v
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, et al., respondents.


Gail M. Blasie, P.C., Garden City, NY, for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Peter Chatzinoff of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated May 31, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. Justice Miller has been substituted for Justice Hinds-Radix (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of fiduciary duty, fraud/"fraud on the court," violation of Judiciary Law § 487, conversion, aiding and abetting conversion, aiding and abetting fraud, and prima facie tort. The causes of action were based on allegations of various intentional misconduct by the defendants in their legal representation of a certain executor and/or estate in a probate proceeding and a related guardianship proceeding to the plaintiff's detriment as a beneficiary of the subject estate. The defendants made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated May 31, 2017, the Supreme Court granted the defendants' motion. The plaintiff appeals.
We agree with the plaintiff that he had standing to commence this action, which was not brought on behalf of the subject estate and did not seek the return of property to the estate (cf. e.g. McQuaide v Perot, 223 NY 75, 79; Inman v Inman, 97 AD2d 864, 865), and that the action was not subject to dismissal for failure to join, among others, the subject executor and estate as necessary parties (see CPLR 1001[a], [b]). However, the complaint failed to state a cause of action (see CPLR 3211[a][7]).
To state a cause of action to recover damages for breach of fiduciary duty, which must be pleaded with the requisite particularity under CPLR 3016(b), "a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Parekh v Cain, 96 AD3d 812, 816 [internal quotation marks omitted]). Here, while the defendants, as counsel for the subject executor and estate, could be liable for breach of a fiduciary duty to the plaintiff, as a beneficiary of the estate, if they placed their own [*2]self-interest above that of the beneficiaries (see Chinello v Nixon, Hargrave, Devans & Doyle, LLP, 15 AD3d 894, 895-896), there are no allegations of such self-interest in the complaint. Moreover, the plaintiff failed to allege that he was directly damaged by the defendants' alleged breach of their fiduciary duty.
To state a cause of action to recover damages for fraud, which must be pleaded with the requisite particularity under CPLR 3016(b), a plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Deutsche Bank Natl. Trust Co. v Sinclair, 68 AD3d 914, 916). Here, with regard to both his causes of action to recover damages for fraud/"fraud on the court" and aiding and abetting fraud, the plaintiff failed to allege that any misrepresentations or omissions were made for the purpose of inducing him to rely upon them or that he, or a court, relied on those alleged misrepresentations and omissions (see Sammy v Haupel, 170 AD3d 1224, 1227).
Pursuant to Judiciary Law § 487, "an attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party is guilty of a misdemeanor, and forfeits to the party injured treble damages, to be recovered in a civil action" (Rozen v Russ & Russ, P.C., 76 AD3d 967, 968 [internal quotation marks omitted]). A cause of action to recover damages for violation of Judiciary Law § 487 must be pleaded with specificity (Sammy v Haupel, 170 AD3d at 1225). Here, the plaintiff alleged intent to deceive in a conclusory fashion (see Sammy v Haupel, 170 AD3d at 1226), and failed to allege that either he or a court in fact were deceived by the alleged collusion between the defendants and certain others, or that he suffered damages that were proximately caused by the alleged deceit (see O'Connor v Dime Sav. Bank of N.Y., 265 AD2d 313, 314).
To state a cause of action to recover damages for conversion, a plaintiff must allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (Barker v Amorini, 121 AD3d 823, 825 [internal quotation marks omitted]). Here, with regard to his causes of action to recover damages for conversion and aiding and abetting conversion, the plaintiff failed to allege legal ownership or an immediate right of possession to the property/funds in question.
Finally, to state a cause of action to recover damages for prima facie tort, a plaintiff must allege: "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or a series of acts which would otherwise be lawful" (Epifani v Johnson, 65 AD3d 224, 232). "To make out a claim sounding in prima facie tort, the plaintiff must allege that disinterested malevolence was the sole motivation for the conduct of which he or she complains" (id. [internal quotation marks omitted]). Here, the plaintiff failed to allege that disinterested malevolence was the sole motivation for the conduct of which he complains, and failed to allege any special damages (id. at 232-233).
Based on the foregoing, we agree with the Supreme Court's determination granting the defendants' motion to dismiss the complaint.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court