Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore (2023 NY Slip Op 04370)

Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore

2023 NY Slip Op 04370

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-03186
 (Index No. 719962/19)

[*1]Hillary Developer, LLC, plaintiff, 
v
Security Title Guarantee Corp. of Baltimore, et al., defendants, Naomi Cohen-Tsedek, defendant third-party plaintiff-respondent; SSS Settlement Services, LLC, third-party defendant-appellant, et al., third-party defendant.

Skarzynski Marick & Black, LLP, New York, NY (Juan Luis Garcia and Alexis J. Rogoski of counsel), for third-party defendant-appellant.
Houslanger & Associates, PLLC, Huntington, NY (Todd E. Houslanger of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the third-party defendant SSS Settlement Services, LLC, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 30, 2021. The order denied the motion of that third-party defendant pursuant to CPLR 3211(a) to dismiss the third-party causes of action to recover damages for fraudulent concealment and prima facie tort insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the third-party defendant SSS Settlement Services, LLC, pursuant to CPLR 3211(a) to dismiss the third-party causes of action to recover damages for fraudulent concealment and prima facie tort insofar as asserted against it is granted.
On November 18, 2014, Naomi Cohen-Tsedek obtained a judgment from the Supreme Court, Queens County, against Steven Browd (hereinafter Browd) in the sum of $269,145 (hereinafter the subject judgment). The subject judgment was docketed with the Queens County Clerk on the same date. At that time, Browd, also known as "Shraga Browd," together with his wife, Sheyna Browd (hereinafter Sheyna), owned certain real property located in Queens (hereinafter the subject premises).
In 2019, Browd, under the name Shraga Browd, and Sheyna sold the subject premises to Hillary Developer, LLC (hereinafter Hillary). The subject judgment was not satisfied from the proceeds of the sale.
Subsequently, upon learning that the subject premises had since been sold to a different buyer at a sheriff's auction to satisfy the subject judgment, Hillary commenced this action against, among others, Browd, Sheyna, and Cohen-Tsedek, as well as Security Title Guarantee Corporation of Baltimore (hereinafter Security Title), the company which had issued Hillary a title [*2]insurance policy with regard to its purchase of the subject premises. Hillary alleged that, at the time it purchased the subject premises, it did not know about the subject judgment.
Cohen-Tsedek interposed an answer that included, inter alia, third-party causes of action to recover damages for fraudulent concealment and prima facie tort asserted against SSS Settlement Services, LLC (hereinafter SSS Settlement), which had acted as Security Title's agent with regard to Security Title's issuance of the title insurance policy. Cohen-Tsedek alleged that SSS Settlement had concealed the existence of the subject judgment and that Browd is also known as Shraga Browd.
SSS Settlement moved pursuant to CPLR 3211(a) to dismiss the third-party causes of action to recover damages for fraudulent concealment and prima facie tort insofar as asserted against it. Cohen-Tsedek opposed the motion. In an order dated March 30, 2021, the Supreme Court denied SSS Settlement's motion. SSS Settlement appeals.
To state a cause of action to recover damages for fraud, a plaintiff must allege, with the requisite particularity, the following elements: (1) a misrepresentation or a material omission of fact that was false and that the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) the plaintiff justifiably relied upon the misrepresentation or material omission, and (4) injury (see CPLR 3016[b]; Bannister v Agard, 125 AD3d 797, 798; Northeast Steel Prods., Inc. v John Little Designs, Inc., 80 AD3d 585, 585). To sufficiently plead a cause of action to recover damages for fraudulent concealment, a plaintiff must further allege "that the defendant had a duty to disclose the material information" (Bannister v Agard, 125 AD3d at 798; see E.B. v Liberation Publs., 7 AD3d 566, 567).
Here, Cohen-Tsedek failed to allege, inter alia, any material omission of fact by SSS Settlement or that she relied upon any such material omission (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829). Moreover, Cohen-Tsedek failed to allege that SSS Settlement owed her a duty to disclose the material information (see Bannister v Agard, 125 AD3d at 799; E.B. v Liberation Publs., 7 AD3d at 567).
To state a cause of action to recover damages for prima facie tort, a plaintiff must allege: (1) the intentional infliction of harm, (2) resulting in special damages, (3) without any excuse or justification, (4) by an otherwise lawful act or series of acts (see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferraro & Wolf, LLP, 189 AD3d 774, 776; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772). To sufficiently plead prima facie tort, the complaint must allege "the defendant's malicious intent or disinterested malevolence as the sole motive for the challenged conduct" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 772; see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferraro & Wolf, LLP, 189 AD3d at 776).
Here, Cohen-Tsedek failed to allege that disinterested malevolence was the sole motivation for the conduct of which she complained (see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferraro & Wolf, LLP, 189 AD3d at 776). To the contrary, Cohen-Tsedek alleged that SSS Settlement's challenged conduct was done for its own pecuniary benefit (see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 772).
Cohen-Tsedek's attempt on appeal to rely upon a new theory of recovery is improper (see Matter of Kenneth Cole Prods., Inc., Shareholder Derivative Litig., 122 AD3d 500, 501; see also Mazurek v Schoppmann, 159 AD3d 815).
Accordingly, the Supreme Court should have granted SSS Settlement's motion pursuant to CPLR 3211(a) to dismiss the third-party causes of action to recover damages for fraudulent concealment and prima facie tort insofar as asserted against it.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court