25-86 41st St., LLC v Guzman (2025 NY Slip Op 00075)

25-86 41st St., LLC v Guzman

2025 NY Slip Op 00075

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06471
 (Index No. 703869/21)

[*1]25-86 41st Street, LLC, appellant, 
v
Christine Guzman, etc., et al., defendants, Beverly Green, respondent.

The Brualdi Law Firm, P.C., New York, NY (Gaitri Boodhoo of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C., Brooklyn, NY (Thomas Kwon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 11, 2022. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated September 13, 2021, as denied those branches of the motion of the defendant Beverly Green which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for trespass, private nuisance, prima facie tort, and injury to property insofar as asserted against her, and thereupon granted those branches of the motion.
ORDERED that the order entered July 11, 2022, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating so much of the order dated September 13, 2021, as denied those branches of the motion of the defendant Beverly Green which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for trespass, private nuisance, and injury to property insofar as asserted against her, and thereupon granting those branches of the motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated September 13, 2021, denying those branches of the motion; as so modified, the order entered July 11, 2022, is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action against the defendant Christine Guzman, the defendant Beverly Green, who is Guzman's mother, and another defendant, inter alia, to recover damages for trespass, private nuisance, prima facie tort, and injury to property. The plaintiff alleged that Green was liable based on a theory of civil conspiracy or concerted action. The plaintiff alleged, among other things, that the defendants engaged in a common scheme to have Guzman move into an apartment owned by the plaintiff without its consent, live there rent free, damage its property, and deprive the plaintiff of its property interests in the apartment.
Green moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as [*2]asserted against her. In an order dated September 13, 2021, the Supreme Court denied the motion. Subsequently, Green moved for leave to reargue the motion. In an order entered July 11, 2022, the court, inter alia, upon reargument, granted those branches of Green's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for trespass, private nuisance, prima facie tort, and injury to property insofar as asserted against her. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see Clevenger v Yuzek, 222 AD3d 931, 934). "A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss" (Oluwo v Sutton, 206 AD3d 750, 752 [internal quotation marks omitted]).
Although "New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (McSpedon v Levine, 158 AD3d 618, 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969), "a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort, and establish that those actions were part of a common scheme" (McSpedon v Levine, 158 AD3d at 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969). "[I]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (Clevenger v Yuzek, 222 AD3d at 936 [internal quotation marks omitted]; see McSpedon v Levine, 158 AD3d at 621).
A theory of concerted action liability rests upon the principle that all "those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his [or her] acts done for their benefit, are equally liable with him [or her]" (Bichler v Eli Lilly & Co., 55 NY2d 571, 580 [internal quotation marks omitted]; see Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295). As with conspiracy, the concerted action theory "requires the existence of an independent tort to provide a basis for liability" (Brenner v American Cyanamid Co., 288 AD2d 869, 870; see Small v Lorillard Tobacco Co., 94 NY2d 43, 57).
The elements of a cause of action to recover damages for prima facie tort are "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142-143; see Shahid v Slochowsky & Slochowsky, LLP, 208 AD3d 1381, 1382-1383). "To sufficiently plead prima facie tort, the complaint must allege the defendant's malicious intent or disinterested malevolence as the sole motive for the challenged conduct" (Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore, 219 AD3d 815, 817 [internal quotation marks omitted]; see Banschick v Johnson, 222 AD3d 608, 610).
Here, the complaint failed to allege that disinterested malevolence was the sole motivation for the conduct of which the plaintiff complains and failed to allege any special damages (see Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore, 219 AD3d at 817; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776). Since the complaint failed to state a cause of action alleging prima facie tort, the complaint also failed to state a cause of action alleging civil conspiracy or concerted action to commit prima facie tort insofar as asserted against Green, as "it stands or falls with the underlying tort" (McSpedon v Levine, 158 AD3d at 621; see Small v Lorillard Tobacco Co., 94 NY2d at 57). Accordingly, upon reargument, the Supreme Court properly granted that branch of Green's motion which was to dismiss the cause of action alleging prima facie tort insofar as asserted against her.
"The essential elements of a cause of action sounding in trespass are the intentional [*3]entry onto the land of another without justification or permission" (Leavitt Enter., Inc. v Two Fulton Sq., LLC, 181 AD3d 662, 663-664 [internal quotation marks omitted]; see Chaikin v Karipas, 162 AD3d 842, 843). Moreover, "[a] defendant is subject to liability for a private nuisance if the defendant's conduct is a legal cause of the invasion of an interest in the private use and enjoyment of land, and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (Chaikin v Karipas, 162 AD3d at 843 [internal quotation marks omitted]; see Banschick v Johnson, 222 AD3d at 609).
Here, the complaint sufficiently alleged that Guzman intentionally entered onto the plaintiff's land without its consent, interfered with its right to use the land, and damaged two doors in its apartment. Contrary to the Supreme Court's determination, a defendant, such as Green, in a concerted action case may not escape liability merely by showing that he or she did not commit the physical act that caused the plaintiff's injuries (see Bichler v Eli Lilly & Co., 55 NY2d at 580-581). Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint alleged sufficient facts from which it may be inferred that Green knowingly participated in a scheme to gain entry into the plaintiff's apartment without its consent, interfere with its right to use the apartment, and damage its property (see Levin v Kitsis, 82 AD3d 1051, 1052). Accordingly, upon reargument, the court should have adhered to its prior determination denying those branches of Green's motion which were to dismiss the causes of action alleging trespass, private nuisance, and injury to property insofar as asserted against her.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court