Hello Beautiful Salons, Inc. v Dimoplon (2026 NY Slip Op 00242)

Hello Beautiful Salons, Inc. v Dimoplon

2026 NY Slip Op 00242

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-09472
2024-12060
 (Index No. 516031/23)

[*1]Hello Beautiful Salons, Inc., appellant, 
vKristina Dimoplon, et al., respondents.

Brennan Law Firm PLLC, New York, NY (Kerry A. Brennan of counsel), for appellant.
Nelson Mullins Riley & Scarborough LLP, New York, NY (Mitchell Boyarsky and Lisa A. Herbert of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud, trespass to chattels, tortious interference with business relations, a violation of General Business Law § 349, and breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 14, 2024, and (2) an order of the same court dated September 4, 2024. The order dated May 14, 2024, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied, without prejudice, the plaintiff's cross-motion for leave to amend the complaint. The order dated September 4, 2024, denied the plaintiff's motion for leave to reargue its opposition to the defendant's prior motion pursuant to CPLR 3211(a) to dismiss the complaint and its prior cross-motion for leave to amend the complaint.
ORDERED that the appeal from the order dated September 4, 2024, is dismissed; and it is further,
ORDERED that the order dated May 14, 2024, is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second, third, and fifth causes of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying, without prejudice, the plaintiff's cross-motion for leave to amend the complaint, and substituting therefor a provision granting those branches of the cross-motion which were for leave to amend the complaint with respect to the second, third, and fifth causes of action and denying those branches of the cross-motion which were for leave to amend the complaint with respect to the first and fourth causes of action; as so modified, the order dated May 14, 2024, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for fraud, trespass to chattels, tortious interference with business relations, a violation of General Business Law § 349, and breach of contract, related to the defendants' alleged fraudulent scheme to steal the plaintiff's clients and [*2]unfairly compete with and harm the plaintiff. As alleged in the complaint, after the defendants Kristina Dimoplon and Justin Goslin left the plaintiff's employ, they launched the defendant Live by the Sword, a competing hair salon business, opened a second point-of-sale system associated with the plaintiff's Clover account, which was used to operate the plaintiff's business and book services for clients, and utilized, without authorization, the plaintiff's Clover account to usurp the plaintiff's clients and services by, among other things, forwarding requests for booking services to themselves. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiff cross-moved for leave to amend the complaint. In an order dated May 14, 2024, the Supreme Court granted the defendants' motion and denied, without prejudice, the plaintiff's cross-motion. Thereafter, the plaintiff moved for leave to reargue its opposition to the defendant's prior motion pursuant to CPLR 3211(a) to dismiss the complaint and its prior cross-motion for leave to amend the complaint. In the order dated September 4, 2024, the court denied the plaintiff's motion for leave to reargue. The plaintiff appeals from both orders.
As the denial of a motion for leave to reargue is not appealable, the appeal from the order dated September 4, 2024, must be dismissed (see Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 951, 952; Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 992).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Hughes v Vento, 226 AD3d 753, 754; see Leon v Martinez, 84 NY2d 83, 87-88).
"A cause of action to recover damages for fraudulent misrepresentation requires a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 649 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178). "A cause of action to recover damages for fraudulent concealment requires, in addition to the elements of a cause of action to recover damages for fraudulent misrepresentation, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (98 Gates Ave. Corp. v Bryan, 225 AD3d at 649 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Mohammad v Rehman, 236 AD3d 892, 893). "CPLR 3016(b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559 [internal quotation marks omitted]).
Here, the plaintiff failed to allege, inter alia, any misrepresentation or material omission of fact by the defendants or that it relied upon any such material omission (see Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore, 219 AD3d 815, 817). Moreover, the plaintiff failed to allege that the defendants owed it a duty to disclose material information (see id.). Thus, even liberally construing the allegations in the complaint in the light most favorable to the plaintiff, the complaint failed to state a cause of action to recover damages for fraud and/or fraudulent concealment (see Mohammad v Rehman, 236 AD3d at 893; Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore, 219 AD3d at 817). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action, alleging fraud.
To establish a cause of action to recover damages for trespass to chattels, the plaintiff is required to establish that the defendants "intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in [plaintiff's] possession" (Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1572 [alterations and internal quotation marks omitted]). "Liability for trespass to chattels will be imposed only if the interference results in harm to the physical condition, quality or value of the chattel or if the owner is deprived of use of the chattel for a substantial time" (id. at 1572-1573; see Twin Sec., Inc. v Advocate & Lichtenstein, LLP, 113 AD3d 565, 565-566). Interference with information stored on a computer may give rise to [*3]trespass to chattels if the plaintiff is dispossessed of the information or the information is impaired as to its condition, quality, or value (see Twin Sec., Inc. v Advocate & Lichtenstein, LLP, 113 AD3d at 565-566; Hecht v Components Intl., Inc., 22 Misc 3d 360, 370 [Sup Ct, Nassau County]; Davidoff v Davidoff, 12 Misc 3d 1162[A], 2006 NY Slip Op 51002[U] [Sup Ct, New York County]).
Here, the complaint alleged, among other things, that the defendants accessed the plaintiff's Clover account by using the plaintiff's log-in credentials and forwarded booking service requests received by the plaintiff to Live by the Sword. The complaint further alleged that the defendants did so intentionally and without consent. Accepting all facts as alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference, the allegations in the complaint sufficiently stated a cause of action alleging trespass to chattels (see AGT Crunch Acquisition LLC v Bally Total Fitness Corp., 2008 NY Slip Op 30247[U] [Sup Ct, New York County]; see also Thyroff v Nationwide Mut. Ins. Co., 8 NY3d 283, 284). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the second cause of action, alleging trespass to chattels.
"To prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (Stuart's, LLC v Edelman, 196 AD3d 711, 713 [internal quotation marks omitted]; see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 741).
Thus, "[t]o set forth a cause of action sounding in tortious interference with business relations, a plaintiff is required to plead that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper" (Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d 942, 943 [internal quotation marks omitted]; see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (Stuart's, LLC v Edelman, 196 AD3d at 713 [internal quotation marks omitted]). The wrongful means supporting a cause of action alleging intentional interference with a business relationship includes acts that constitute a crime or independent tort or other egregious wrongdoing (see Lynch Dev. Assoc., Inc. v Johnson, 219 AD3d 1328, 1330; Stuart's, LLC v Edelman, 196 AD3d at 713-714).
Here, the complaint alleged, inter alia, in effect, that the defendants improperly accessed the plaintiff's Clover account and forwarded booking service requests received by the plaintiff to Live by the Sword and, thus, appropriated requests from the plaintiff's clients who were contacting the plaintiff for hair care salon services and taking those opportunities for themselves. Accepting as true the facts alleged in the complaint and according the plaintiff the benefit of every possible favorable inference, the allegations sufficiently stated a cause of action alleging tortious interference with business relations (see Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d at 943-944; Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1034). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the third cause of action, alleging tortious interference with business relations.
To successfully plead a cause of action alleging a violation of General Business Law § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11 [internal quotation marks omitted]; see City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621). "[P]arties claiming the benefit of [General Business Law § 349(h)] must, at the threshold, charge conduct that is consumer oriented" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 11-12 [internal quotation marks omitted]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). "Private contract disputes, unique to the parties . . . [do] not fall within the ambit [*4]of the statute" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 12 [internal quotation marks omitted]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25). "[T]he defendant's acts or practices must have a broad impact on consumers at large" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 12 [alteration and internal quotation marks omitted]; see New York Univ. v Continental Ins. Co., 87 NY2d at 320).
Here, the complaint alleged, among other things, that the defendants' scheme was carried out by contacting the plaintiff's clients, misleading those clients to believe that they had contacted the plaintiff, and engaging in tactics to divert the clients to Live by the Sword, that the defendants' statements to the plaintiff's clients were false and misleading, and that such deception by the defendants was material and likely influenced a consumer's purchasing decisions relating to booking hair salon services with the defendants. Even accepting as true the facts alleged in the complaint and according the plaintiff the benefit of every possible favorable inference, the allegations failed to sufficiently allege that the defendants' acts or practices had a broad impact on consumers at large, and thus, the complaint failed to state a cause of action alleging a violation of General Business Law § 349 (see Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engrs., LLP, 235 AD3d 928, 931; Abraham v Torati, 219 AD3d 1275, 1281). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fourth cause of action, alleging a violation of General Business Law § 349.
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 866 [internal quotation marks omitted]; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960). "[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d at 866 [internal quotation marks omitted]; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960). Here, in the fifth cause of action, alleging breach of a contract and asserted only against Goslin, the plaintiff alleged, inter alia, that Goslin entered into a written contract with the plaintiff in connection with his employment wherein Goslin expressly recognized that the plaintiff's clients were both a "valuable business asset" and "confidential information" and wherein he specifically agreed not to solicit any of the plaintiff's salon-related business. Contrary to the defendants' contention and the Supreme Court's determination, the plaintiff sufficiently alleged that Goslin breached a specific provision of his employment contract (see LMEG Wireless, LLC v Farro, 190 AD3d 716, 719). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the fifth cause of action.
"Permission to amend pleadings should be freely given" (Greene v Esplanade Venture Partnership, 36 NY3d 513, 526 [internal quotation marks omitted]; see CPLR 3025[b]), "unless the proposed amendment is palpably insufficient or patently devoid of merit, or unless prejudice or surprise to the opposing party results directly from the delay in seeking leave to amend" (Seidman v Industrial Recycling Props., Inc., 83 AD3d 1040, 1041). Here, the Supreme Court improvidently exercised its discretion in denying, without prejudice, the plaintiff's cross-motion for leave to amend the complaint solely on the basis that the cross-motion was not accompanied by the proposed amended pleading "clearly showing the changes or additions to be made to the pleading" (CPLR 3025[b]). Notably, the cross-motion was accompanied by a copy of the proposed amended complaint, and in addition, the cross-moving papers generally described the proposed amendments. Moreover, in reply, the plaintiff submitted a copy of the proposed amended complaint that highlighted the differences between it and the original complaint (see Greene v Esplanade Venture Partnership, 36 NY3d at 526).
The Supreme Court did not consider the merits of the plaintiff's cross-motion. However, since the merits were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the merits of the cross-motion in the interest of judicial economy (see 523 BWAY, LLC v Erie & Niagara Ins. Assn., 236 AD3d 841, 844-845). Here, as to the second cause of action, alleging trespass to chattels, the third cause of action, alleging tortious interference [*5]with business relations, and the fifth cause of action, alleging breach of contract, the proposed amended complaint was neither palpably insufficient nor patently devoid of merit, and no prejudice or surprise could have resulted to the defendants. However, as to the first cause of action, alleging fraud, and the fourth cause of action, alleging a violation of General Business Law § 349, the proposed amended complaint was palpably insufficient, since, even if the additional allegations were considered and accepted as true (see Freeman v City of New York, 111 AD3d 780, 783), the proposed amended complaint failed to state causes of action alleging fraud (see Mohammad v Rehman, 236 AD3d at 893; Hillary Dev., LLC v Security Title Guar. Corp. of Baltimore, 219 AD3d at 817) or a violation General Business Law § 349 (see Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engrs., LLP, 235 AD3d at 931; Abraham v Torati, 219 AD3d at 1281).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court