| **Gluck v Richter** |
|:---:|
| 2026 NY Slip Op 31046(U) |
| March 16, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524791/2025 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Comm 2 off the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 16th day of March 2026.

**P R E S E N T :**
HON. CENCERIA P. EDWARDS, CPA,   Justice.

-------------------------------------------------------------------------X

GABOR GLUCK, on his own behalf and on behalf of YS Marketing, Inc. d/b/a Numed, and YS Marketing, Inc. d/b/a Numed

Plaintiff(s),

-against-

JACOB RICHTER, JOEL SILBERSTEIN, YS MARKETING, INC. d/b/a NUMED; NUMED PHARMA, residences of Gluck, Richter, LLC, SIMON GANZ, and SG 1103 LLC

Defendant(s).

-------------------------------------------------------------------------X

**ORDER**

Calendar Date: 11/19/2025

Calendar #(s): 19

Index #: 524791/2025

Mot. Seq. #(s): 1, 2

The following e-filed papers read herein:                                    NYSCEF Doc. Nos.:

Notice of Motion/Order to Show Cause/Petition/Cross-Motion and
Affidavits (Affirmations) and Exhibits _____          14, 15
Opposing Affidavits (Affirmations) and Exhibits _____            37, 38, 40, 41
Reply Affidavits (Affirmations) and Exhibits _____            53, 55, 56, 58, 59

Plaintiffs Gabor Gluck and YS Marketing, Inc. ("Plaintiffs") commenced this action on July 23, 2025, against Jacob Richter, Joel Silberstein, YS Marketing, Inc. d/b/a Numed and/or Numed Pharma LLC, Simon Ganz, and SG 1103 LLC ("Defendants") (NYSCEF Docs. # 1–2). Plaintiffs allege that Defendants breached their fiduciary duties, tortiously interfered with a contract, and acted fraudulently toward Plaintiffs in relation to the Assignment Agreement entered between Plaintiff Gluck and Defendants Richter and Silberstein (*see* NYSCEF Docs. # 1–2).

Plaintiffs assert ten causes of action against Defendants.  Seven are filed by Gluck and include (1) fraud against Richter and Silberstein; (2) breach of fiduciary duties against Richter and Silberstein; (3) aiding and abetting breaches of fiduciary duties against Richter and Silberstein; (4) tortious interference with contract against Numed; (5) breach of fiduciary duties in connection with Ganz and SG 1103 LLC against Richter and Silberstein; (6) aiding and abetting breaches of fiduciary duties against Ganz and SG 1103 LLC; and (7) tortious interference with contract against Ganz and SG 1103 LLC. (*Id.*).  Three are filed on behalf of YS Marketing, Inc. and include (1) breach of fiduciary duty against Richter and Silberstein; (2) aiding and abetting breaches of fiduciary duties against Numed; and (3) unjust enrichment against Richter, Silberstein, and Numed (*Id.*).

1

[* 1]

On September 18, 2025, Plaintiffs with Defendants Ganz and SG 1103 LLC stipulated and agreed to extend their time to answer until October 20, 2025 (*see* NYSCEF Doc. # 8). Thereafter, on October 20, 2025, Ganz, SG 1103 LLC and Richter filed their answers (NYSCEF Docs. # 9–10). On October 21, 2025, Plaintiffs filed a Notice of Rejection as to Defendant Richter's answer because Richter's time to answer expired on October 6, 2025 (NYSCEF Doc. # 11).

## MOTIONS PRESENTED

Plaintiffs move pursuant to CPLR 3215(a) to enter default judgment against Defendants Richter, Silberstein, and Numed Pharma LLC (*see* NYSCEF Doc. # 13). Defendants Richter and Numed oppose this motion and request the Court to Compel acceptance of its late answer, CPLR 3012 (*see* NYSCEF Docs. # 37–38, 40–41). Defendant Silberstein did oppose the motion or file an answer (NYSCEF Doc. # 14).

Defendant Numed filed an opposition to Plaintiffs' current motion and a cross motion to dismiss the Complaint. CPLR 3211(a)(7), on November 12, 2025 (NYSCEF Docs. # 36–37).

## BACKGROUND

Plaintiffs allege that on June 13, 2017, Defendants Richter and Silberstein assigned their stock in YS Marketing, Inc. to Plaintiff Gluck (the "Assignment Agreement") to satisfy a $650,000 loan they previously received from Gluck (NYSCEF Doc. # 2, ¶ 14). Richter and Silberstein also allegedly executed a second agreement giving themselves the option to repurchase or terminate the Assignment Agreement by paying Gluck $650,000 plus interest at 12% per annum in monthly installments (the "Option Agreement") (NYSCEF Doc. # 2, ¶ 16). This option would only stay open for one year until June 13, 2018 (*id.*). Under the Option Agreement, only Gluck had authority to control or bind YS unless Richter and Silberstein exercised the option (*id.*). However, Richter and Silberstein were responsible for maintaining YS during that time (*id.*).

Richter and Silberstein failed to exercise the option by the deadline and continued to make interest payments of $6,500 per month to Gluck (*id.* ¶ 19). Plaintiffs allege that Richter and Silberstein circumvented the Option Agreement's terms by forming a new entity, Numed Pharma LLC, to execute a "Management Agreement" with YS in September 2021 to receive almost all, if not all, of YS's net operating income and "have the exclusive power and authority to manage, operate, and maintain" YS (*id.* ¶¶ 20–21). The Management Agreement was allegedly entered into without Gluck's knowledge or consent (*id.* ¶ 26).

On November 21, 2023, Defendants Richter and Silberstein, again without Gluck's knowledge or consent, allegedly caused YS to enter a "forbearance agreement" with Ganz, who owned SG 1103 LLC, where YS would pay a series of $1,000,000 payments to Ganz 30 days after execution (*id.* ¶ 27). This portion of the dispute is also based on Ganz's alleged awareness of the Assignment Agreement between Gluck, Richter, and Silberstein, including Gluck's right to supervise and control YS (*id.* ¶ 28).

2

[* 2]

Plaintiffs allege in December 2023, Richter and Silberstein stopped making monthly payments to Gluck under the agreements executed in 2017. (*see id.* ¶¶ 30–32).

## DISCUSSION

### I.    MOT. SEQ. #1 PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, CPLR 3215

Plaintiffs argue that they are entitled to default judgment based on Richter's failure to timely file an answer and Silberstein's and Numed's failure to file an answer at all (*see id.*).

To oppose a motion for default judgment and compel the plaintiff to accept an untimely answer, the defendant must first provide a reasonable excuse for the delay (*see* CPLR 3012 [d]; *Walczuk v Techo-Bloc Corp.*, 242 AD3d 1142, 1142 [2d Dep't 2025]). What constitutes a "reasonable excuse" for delay is a "sui generis" determination made by the Court "based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Browne v Lyft, Inc.*, 219 AD3d 443, 444 [2d Dep't 2023]).

Once a reasonable excuse for delay is established, a defendant must demonstrate a "potentially meritorious defense" to the action (*Walczuk*, 242 AD3d at 1142; *Nechadim Corp. v 500 Putnam St. Realty LLC*, 237 AD3d 951, 952 [2d Dep't 2025]). "The defendant is not required to establish the validity of its defense as a matter of law" but must establish potential merit of the defense (*Corvera v. Prime Source Dev. LLC*, 172 AD3d 1161, 1163 [2d Dep't 2019]). If the Court finds no reasonable excuse for the delay, then it is unnecessary to determine if a potentially meritorious defense exists (*Walczuk*, 242 AD3d at 1143). Defendants Richter and Numed have both opposed this motion, arguing that reasonable excuses for delay exist and that potentially meritorious defenses apply to the causes of actions.

### A.    DEFENDANT RICHTER'S OPPOSITION, CPLR 3012

Defendant Richter filed his answer late on October 20, 2025, which Plaintiff's rejected because it was filed 14 days after the deadline, October 6, 2025 (NYSCEF Docs. # 10–11). Richter provided several arguments as to why he failed to timely answer the Complaint in opposition to Plaintiff's request for a default judgment. Foremost, Defendant Richter asserts that he believed Plaintiff Gluck would withdraw his lawsuit after receiving a summons from the Tartikov Beis Din arbitration tribunal, which did not forward the summons until October 19 due to the Sukkot holiday on October 6 (NYSCEF Doc. # 41, ¶ 9–10). Second, he misunderstood that the stipulation and agreement to extend Ganz's and SG 1103's deadline to answer did not apply to him (*id.* ¶ 10). Finally, Defendant Richter asserts Plaintiffs suffered no prejudice due to the delay (*id.* ¶ 13); and that resolving this case on the merits is favored in accordance with public policy (*id.*). Moreover, Richter argues that he has several meritorious defenses to the claim (*see* NYSCEF Doc. # 40 ¶¶ 16–24). His defenses include that (1) the Reaffirmation Agreement's arbitration clause requires this dispute to be arbitrated before the Tartikov Beis Din arbitration tribunal, (2) Gluck's lawyer, Barenbaum, is a necessary party to the action that was left out, (3) Gluck asserted his claims

3

[* 3]

beyond the applicable statute of limitations period, (4) Richter owed no fiduciary duties to Gluck, (5) the existence of a valid contract defeats the unjust enrichment claim, and (6) several pieces of documentary evidence contradict Gluck's claims (*id.*).

Richter argues that multiple factors caused the delay (NYSCEF Doc. # 40, ¶ 28). First, Richter's Toen (an arbitration advocate), which was connected to Richter from a different agreement containing an arbitration clause, incorrectly informed Richter that the answer deadline for all Defendants was extended until the "end of October" (*see id.* ¶¶ 28–30). Second, Richter argues that based on this misunderstanding, the Tartikov Beis Din arbitration tribunal did not issue a summons to Gluck until October 19 after the Sukkot holiday had ended, at which point, Richter believed Gluck would withdraw his lawsuit (*id.*).

Importantly, Richter asserts that Gluck suffered no prejudice due to his delay in answering the Complaint because the answer was due October 6, 2025, and Richter filed it on October 20 (*see* NYSCEF Docs. # 11; 14 ¶ 3) and because other Defendants were permitted to answer on the same day (*id.* ¶ 34). Richter also set forth potentially meritorious defenses to the action (*see* NYSCEF Doc. # 40 ¶¶ 16–24), such as that the "Reaffirmation Agreement" contains an arbitration clause which controls this dispute and that the unjust enrichment and breach of fiduciary duty claims exceed the statute of limitations period (NYSCEF Doc. # 40, ¶¶ 21–23).

In considering the totality of all relevant factors, including Richter's brief delay, fourteen days, in filing his answer, that his delay was not willful, Plaintiffs did not suffer any prejudice because of Richter's brief delay, Richter's potentially meritorious defense, and the strong public policy of resolving cases on the merits, this Court finds Richter has demonstrated a reasonable excuse for the delay (*Browne v Lyft, Inc.*, 219 AD3d 443 [2d Dep't 2023]). Thus, Plaintiff's motion for default judgment against Richter is denied and Plaintiffs are compelled to accept Richter's answer.

### B.    DEFENDANT NUMED'S OPPOSITION, CPLR 3012

Numed similarly argues that multiple factors caused the delay. First, Numed and Plaintiffs had ongoing discussions related to settling or bringing the dispute before a mediator or arbitrator (NYSCEF Doc. # 37, at 3). Numed claims that based on these discussions, it reasonably believed that litigation may be suspended (*id.* at 4). Numed also argues that the delay was short, not willful, and caused no prejudice to Plaintiffs (*id.* 4–5) as Plaintiffs filed the Complaint on July 23, 2025, served Numed, a foreign corporation, via Ohio's secretary of state on or about August 6, 2025, and shortly thereafter filed the instant default judgment motion on October 23, 2025, and Defendant filed its motion to accept its late answer on or about November 12, 2025 (NYSCEF Docs. # 13; 36).

Numed argues that late responsive papers should be accepted because of the State's strong public policy of resolving cases on the merits and provided potentially meritorious defenses (NYSCEF Doc. # 37, at 6). Numed argues that the causes of action against it for aiding and

4

[* 4]

abetting breach of fiduciary duty and tortious interference with contract are time barred as each cause of action arises from a 2021 contract and a three-year statute of limitations applies to these claims (*id.* at 6). Numed also argues that Gluck has no standing to make any individual claims for damage to YS since any of these claims must be brought in a derivative action rather than in an individual action (*id.*). Moreover, Numed argues that YS's claim for unjust enrichment is barred as an express, valid contract governs the matter and its claim for aiding and abetting breach of fiduciary duty is time barred (*id.* at 7).

Accordingly, Numed has demonstrated a reasonable excuse for the delay. Thus, Plaintiffs' request for a default judgment is denied and Numed's cross motion to compel Plaintiffs to accept a late answer is granted (*see Camara v Five Star Carting, Inc.*, 236 AD3d 979 [2d Dep't 2025]; *Schonfeld v Blue & White Food Prod. Corp.*, 29 AD3d 673, 674 [2d Dep't 2006]; CPLR 3012 [d]).

### C.  PLAINTIFFS' DEFAULT JUDGMENT AGAINST SILBERSTEIN

To successfully move for default judgment under CPLR 3215, a plaintiff must submit "proof of service of the summons and complaint, 'proof of the facts constituting the claim,' and proof of the defendant's default in answering or appearing" (*Hersko v Hersko*, 224 AD3d 810, 812 [2d Dep't 2024]). As explained above, default judgment against Defendants Richter and Numed cannot be granted as they have demonstrated a reasonable excuse for the delay and potentially meritorious defenses. Accordingly, only the first, second, third, seventh, and eighth causes of action are considered for Plaintiffs' default judgment motion against Silberstein.

#### 1.  PROOF OF SERVICE

First, to succeed in moving for default judgment, the Plaintiffs must show proof of service of the Summons and Complaint (CPLR 3215 [f].

Service of process was completed on August 22, 2025, by affixing the summons and complaint to Silberstein's door after previous attempts to personally serve them (NYSCEF Docs. # 4–5). Accordingly, Plaintiffs have established proof of service of the Summons and Complaint.

#### 2.  PROOF OF FACTS CONSTITUTING THE CLAIM

Next, Plaintiffs must provide proof of facts constituting their claims (CPLR 3215 [f]). To establish this, "the plaintiff need only submit sufficient evidence to enable a court to determine if the cause of action is viable since 'defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (*Vanderbilt Mtge. & Fin., Inc. v Ammon*, 179 AD3d 1138, 1141 [2d Dep't 2020], quoting *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). If the plaintiff has served a verified complaint, it "may be used as the affidavit of the facts constituting the claim and the amount due" (CPLR 3215 [f]). Here,

5

[* 5]

Plaintiffs served a verified complaint on Defendants and seeks default judgment for eight causes of action (*see* NYSCEF Doc. # 2).

The first cause of action is Gluck's claim against Richter and Silberstein for fraud in the concealment of the 2021 Management Agreement (*id.* at 9). "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Browne v. Lyft, Inc.*, 219 AD3d 445, 447 [2d Dep't 2023]). Further, a claim for fraudulent concealment requires "that the defendant had a duty to disclose the material information" (*Hillary Dev., LLC v Sec. Title Guarantee Corp. of Baltimore*, 219 AD3d 815, 816 [2d Dep't 2023]). The Complaint alleges that Richter and Silberstein intentionally failed to inform Gluck of the 2021 Management Agreement and that they were required to inform him of it based on their role as fiduciaries (NYSCEF Doc. # 2 at ¶ 35). Additionally, the Complaint alleges that Gluck had no reason to know of the Management Agreement and was harmed based on the amount of money paid from YS to Numed during that time (*id.* ¶ 36). Accordingly, Gluck has provided sufficient proof of the facts constituting the first cause of action with respect to Silberstein.

The second cause of action is Gluck's claim against Richter and Silberstein for breach of fiduciary duties (*id.* at 11). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*S. Shore Eye Care, LLP v Lane*, 242 AD3d 792, 796 [2d Dep't 2025], quoting *88-18 Tropical Restaurante Corp. v Utica First Ins. Co.*, 223 AD3d 772, 774 [2d Dep't 2024]). The Complaint alleges that Richter and Silberstein had a fiduciary duty to Gluck based on their relationship operating YS for him (NYSCEF Doc. # 2 ¶ 34). The Complaint also alleges that Defendants deprived Gluck of the right to control YS by entering the Management Agreement without Gluck's knowledge or consent (*id.* ¶ 39). As a result, it is alleged that Gluck lost the amount of money that YS paid to Numed pursuant to the Management Agreement (*id.* ¶ 41). Accordingly, Gluck has provided sufficient proof of the facts constituting the second cause of action with respect to Silberstein.

The third cause of action is YS's claim against Richter and Silberstein for breach of fiduciary duties (*id.* at 12). The elements of breach of fiduciary duty are stated above. The Complaint alleges that Richter and Silberstein had a fiduciary relationship with YS because they controlled and conducted YS's business operations (*id.* ¶ 45). The Complaint further alleges that Richter and Silberstein had a conflict of interest in causing YS and Numed to enter into the Management Agreement and that their actions caused Numed to take YS's net income (*id.* ¶ 46, 48). Accordingly, YS has provided sufficient proof of the facts constituting the third cause of action with respect to Silberstein.

The seventh cause of action is YS's claim against Richter, Silberstein, and Numed for unjust enrichment (*id.* at 17). The elements of a cause of action to recover damages for unjust enrichment are "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is

6

[* 6]

against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County*, 227 AD3d 708, 710 [2d Dep't 2024]). The Complaint alleges that Richter, Silberstein, and Numed wrongly received money from YS under the 2021 Management Agreement and that equity and good conscience would not permit these Defendants to retain the money (NYSCEF Doc. # 2 ¶¶ 63–64). Accordingly, YS has provided sufficient proof of the facts constituting the seventh cause of action with respect to Silberstein.

The eighth cause of action is Gluck's claim against Richter and Silberstein for breach of fiduciary duties in connection with Ganz and SG 1103 LLC. The elements of breach of fiduciary duty are stated above. The Complaint alleges that Richter and Silberstein had a fiduciary relationship with Gluck, as already described, and that they breached their fiduciary duties by entering into a forbearance agreement with Ganz which allegedly assigned their YS stock to SG 1103 LLC (*id.* ¶ 66). The Complaint further alleges that this caused money to be transferred from YS to SG 1103, which ultimately harmed Gluck (*id.* ¶ 68). Accordingly, Gluck has provided sufficient proof of the facts constituting the eighth cause of action with respect to Silberstein.

### 3.    PROOF OF DEFAULT

Finally, Plaintiffs must prove that Defendant Silberstein defaulted in answering. As explained above, service of process was completed on August 22, 2025, by affixing the Summons and Complaint to Defendant's doors after previous attempts to personally serve them (NYSCEF Docs. # 4–5). Plaintiffs filed the summons in NYSCEF on August 26, 2025 (*id.*). Under CPLR 308(4), service was complete ten days later, on September 6, 2025 (CPLR 308 [4]). Thereafter, Defendants had 30 days, until October 6, 2025, to file an answer (CPLR 3012 [c]). Silberstein never filed an answer and has defaulted in appearance.

### CONCLUSION, CPLR 3215, 3012

Plaintiffs' motion for default judgment under CPLR 3215 is **GRANTED** as to Defendant Silberstein and **DENIED** as to Defendants Richter and Numed. With respect to Defendants Richter's, and Numed's opposition to Plaintiff's default judgment and request to submit a late answer, (CPLR 3012 [d]) it is **GRANTED** to the extent that Plaintiff is compelled to accept their late answers.

### II.    MOT. SEQ. #1 CPLR 3211(a)(7) DISMISS THE COMPLAINT

Defendant Numed moves pursuant to CPLR 3211(a)(7) to dismiss Plaintiffs' causes of actions against Numed for failure to state a cause of action (NYSCEF Doc. # 37, at 7).

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court

7

[* 7]

is to determine only whether the facts as alleged fit within any cognizable legal theory" (*IPA Asset Mgmt., LLC v Schuman*, 239 AD3d 619, 620–21 [2d Dep't 2025], quoting *Martinez v NYC Health & Hosps. Corp.*, 223 AD3d 731, 732 [2d Dep't 2024]).

Plaintiffs assert four causes of action against Numed. First, Gluck against Numed for aiding and abetting breaches of fiduciary duties (NYSCEF Doc. # 2 ¶¶ 50–53); second, YS against Numed for aiding and abetting breaches of fiduciary duties (*id.* ¶¶ 54–57); third, Gluck against Numed for tortious interference with contract (*id.* ¶¶ 58–61); and fourth, YS against Numed for unjust enrichment (*id.* ¶¶ 62–64).

### A. GLUCK'S CLAIM AGAINST NUMED FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

To plead a claim for aiding and abetting breach of fiduciary duty, the plaintiff must allege, "with particularity (*see* CPLR 3016 [b]), 'knowledge of the alleged tortious conduct by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the tortious conduct'" (*Plymouth Capital, LLC v Montage Fin. Group, Inc.*, 230 AD3d 1361, 1364 [2d Dep't 2024], quoting *Land v Forgione*, 177 AD3d 862, 864 [2d Dep't 2019]).

Gluck pleaded that Numed aided and abetted Richter and Silberstein's breach of fiduciary duties by entering into the Management Agreement with knowledge that Gluck was unaware of it, and that Numed knew this based on Richter and Silberstein's role as principal officers of Numed (NYSCEF Doc. # 2, ¶ 51). Thus, Gluck has adequately pleaded, with particularity, that Numed aided and abetted breach of fiduciary duty.

### B. YS'S CLAIM AGAINST NUMED FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

YS asserts the same aiding and abetting of fiduciary duty claim against Numed and has pleaded the same facts (*id.* ¶ 55). Thus, YS has adequately pleaded, with particularity, that Numed aided and abetted breach of fiduciary duty.

### C. GLUCK'S CLAIM AGAINST NUMED FOR TORTIOUS INTERFERENCE WITH CONTRACT

To plead a claim for tortious interference with contract, the plaintiff must allege "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Looks Great Servs., Inc. v Roosevelt*, 239 AD3d 627, 629 [2d Dep't 2025]).

Gluck pleaded he has valid contracts, the Assignment and Option Agreements, with Richter, Silberstein, and YS (NYSCEF Doc. # 2 ¶ 59). Gluck also alleges that Numed knew of the agreement because its principal officers were Richter and Silberstein, and that Numed intentionally induced YS, Silberstein, and Richter to breach those contracts with Gluck by executing the

8

Management Agreement, which resulted in damages (*id.*).  Thus, Gluck has adequately pleaded that Numed tortiously interfered with contract.

### D.   YS'S CLAIM AGAINST NUMED FOR UNJUST ENRICHMENT

To plead a claim for unjust enrichment, the plaintiff must allege "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County*, 227 AD3d 708, 710 [2d Dep't 2024]).

The Complaint alleges that Numed wrongly received money from YS under the 2021 Management Agreement and that equity and good conscience would not permit Numed to retain the money (NYSCEF Doc. # 2 ¶¶ 63–64).  Accordingly, YS has adequately pleaded that Numed was unjustly enriched.

### CONCLUSION

Numed's motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7) is **DENIED**.

Accordingly, it is hereby:

**ORDERED** that the Clerk shall enter a default judgment against Silberstein for failing to answer or appear in the action, CPLR 3215; and it is further

**ORDERED** that Defendants Richter and Numed shall file an answer, CPLR 3012, in NYSCEF with service to all parties by overnight mail on or before April 17, 2026; and it is further

**ORDERED** that Defendant Numed's motion to dismiss the Complaint is **DENIED**.

The Foregoing Constitutes the Decision and Order of this Court.

**E N T E R,**

<u>Dated</u>: March 16, 2026

_____
**Hon. Cenceria P. Edwards, J.S.C., CPA**

9

[* 9]